## BENJAMIN LONG *vs.* JACOB EAKLE, OF JOHN.

The court cannot, at the instance of either party, grant an instruction, or, of their own motion, add to a prayer any qualification, involving any propo-sition to sustain which there is no proof in the cause; and if they do, and there is any reasonable ground to suppose it produced any influence upon the verdict, the decision will upon appeal, be reversed.

In an action for slander the plaintiff proved the speaking of the words charged, but the court qualified his prayer, by adding, "that if the jury believed defendant spoke them in jest and without malice," (of which there was no proof,) "they might find for him," which they did. HELD, that this qualification was calculated to mislead the jury, and was good cause for reversal upon appeal by the plaintiff.

When the words charged are actionable *per se*, and are proved by the plaintiff without any attendant circumstances indicating a want of malice, the law implies malice, and if this implication can be removed or rebutted, it must be done by proof in defence.

APPEAL from the Circuit Court for Washington county.

This was an action of *slander*, by the appellant against the appellee. The declaration charges the defendant with maliciously speaking of the plaintiff these words: "Ben Long stole Ben Lancaster's old sow, and drove her away in the night, and it can be proved." Plea, *non cul.*

*Exception.* The plaintiff proved by Wm. Heritage, a competent witness, the speaking of the words substantially as charged, and being twice cross-examined as to whether defendant did not speak them in jest, witness replied, "he spoke them seriously—his manner was earnest and serious." Some testimony was then offered by defendant as to plaintiff's bad character as a litigious man, which it is not necessary to state. The plaintiff then asked the instructions stated in the opinion of this court, which the court below, (PERRY, J.,) granted, with the qualification also stated in the opinion of this court. To this qualification, so added, the plaintiff excepted, and the verdict and judgment being for defendant, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*J. Dixon Roman* for the appellant, insisted, that the court erred in annexing the *qualification* to the prayer, because:—
1st. The law implies malice sufficient to entitle the plaintiff to a verdict, which may be mitigated, but not *rebutted* by proof. 6 *G. & J.*, 413, *Rigden vs. Wolcott.* 2nd. There

was no evidence in this case, in the least degree, tending to disprove malice, and the court erred in authorising the jury to find a fact of which no evidence whatever had been offered. 4 *G. & J.*, 444, *Burch vs. The State.* 7 *H. & J.,* 219, *Barger vs. Collins. Ibid.,* 294, *Riggin vs. Patapsco Ins. Co.* 2 *G. & J.*, 172, *Ches. Ins. Co., vs. Allegre. Ibid.,* 382, *Davis vs. Barney.* 3 *G. & J.*, 219, *McNulty vs. Cooper.* 7 *G. & J.,* 20, *Cole vs. Hebb.* The prayer *misleads* the jury, because it assumes there was some evidence of a fact of which there was none.

*Richard H. Alvey* for the appellee, insisted, that the defendant had the right to *rebut* the malice, and on this point cited 6 *G. & J.*, 413. 2 *Greenlf. on Ev.,* sec. 411. *Levinz,* 82, *Crawford vs. Middleton,* and 1 *Viner's Abr.*, 540. But if there was no evidence upon which to base the qualification, it was still a mere legal abstraction, and did the plaintiff no injury, and hence he cannot complain of it here. 9 *Gill,* 56, *Ramsay vs. Glass.* There being no evidence of the absence of malice, we must presume the jury discredited the plaintiff's witness.

ECCLESTON, J., delivered the opinion of this court.

The evidence having been given as stated in the bill of exceptions, the plaintiff asked the court to instruct the jury, that if they believed the defendant used the language "so proven" by the witness, William Heritage, the words laid in the declaration were sufficiently supported, and their verdict must be for the plaintiff.

And also, that if the jury believed the defendant said of the plaintiff, that he, Ben Long, had stolen Ben Lancaster's old sow, and went there and took her away in the night, then such words were actionable *per se,* and their verdict, under the pleadings, must be for the plaintiff.

These instructions were given by the court, with the qualification that if, from the circumstances, the jury believed the language used had been spoken in jest and without malice,

Long vs. Eakle.

then they might find a verdict for the defendant. This quali-
fication was excepted to on the part of the plaintiff, and is
the ground of the present appeal.

At the instance of neither party can the court grant an
instruction upon any proposition, to sustain which there is no
proof in the cause. And should it be done where there is
any reasonable ground for supposing the instruction has pro-
duced any influence upon the minds of the jurors, in making
their verdict, the decision will be reversed on appeal. So
likewise any qualification to a prayer which the court may
think proper to add, involving a proposition not supported
by any evidence, when by exception it is brought before the
appellate court, it must appear that such qualification was
harmless, and there existed no reasonable ground for believ-
ing it had produced any effect upon the verdict.

Such, the appellee insists, is the real character of the
instruction given in this case. He says there was no evi-
dence that the words were spoken in jest, and being bound to
presume the jury understood their duty, we cannot suppose
their verdict in favor of the defendant was given, because he
spoke jestingly and not maliciously, when the inference may
be made, with much greater propriety, that they disbelieved
the plaintiff's witness, and acted upon the hypothesis that the
defendant never said the plaintiff stole the hog.

It is perfectly manifest that the jury, in forming their ver-
dict, came to the conclusion, either that the defendant was
jesting, or that he did not use the language imputed to him.
To assume the latter conclusion to be the one which the jury
adopted, would be quite as much, if not more, a violation of
the presumption that they understood their duty, as to sup-
pose they believed the defendant was jesting, and not actu-
ated by malice.

The plaintiff's witness, more than once, explicitly stated
that the defendant used the language complained of. And
there was no impeaching testimony offered. What right,
then, have we to suppose the jury did not believe the witness
ever heard the language stated in his testimony?

Moreover it appears, that on two different cross-examinations the witness was asked whether the defendant did not speak jestingly. These questions gave an intimation to the jury, that the defendant intended to rely upon a want of malice, and that the whole affair was nothing more than a jest. After such an intimation, when the court, without any application on the part of the defence, voluntarily, qualified the prayers of the plaintiff in the manner stated, the jurors might very naturally have supposed the court believed there were circumstances which could properly lead to the belief that the defendant was jesting. A different conclusion on the part of the jurors must have resulted in their understanding the court, as telling them, they might find a verdict for the defendant, if, from the circumstances, they believed he was in jest; but as there were no circumstances to warrant that belief, they could not believe it, and therefore could not find such a verdict. It is very certain the language of the instruction did not authorise this construction, and we suppose the jurors adopted that which has been suggested as the most natural or appropriate.

When the words laid in the *nar* are actionable *per se*, and are proved by the plaintiff, without any attendant circumstances indicating a want of malice—which we consider to be the case in this instance—the law implies malice, and if this implication can be removed or rebutted, it must be done by proof in defence. 2 *Starkie on Slander*, 53 *and* 84 *marginal paging.*

The qualification added to the plaintiff's prayers certainly was not founded upon any legitimate proof in the cause. It was calculated to mislead the jury, and, in our opinion, the result shows they were misled by it. The judgment, therefore, must be reversed.

*Judgment reversed and procedendo awarded.*