(Decided 18th June, 1867.)

---

JOSEPH O'NEAL *vs.* THE BOARD OF SCHOOL COMMISSIONERS OF WASHINGTON COUNTY.

*School Commissioners of Washington County—Privity of Contract—Tax Collector—Competency of Evidence.*

By the Act of 1853, chapter 355, the School Commissioners of Washington county were constituted public agents to receive and disburse the school fund of the county, with full power and exclusive control over the same; and endowed with capacity to sue for and recover any

O'Neal *vs.* The Board of School Commissioners of Washington County.

moneys belonging to or appropriated for the use of said fund, which they alone were entitled to receive, and over which they had the exclusive control.

A levy was made by the County Commissioners of Washington county for the use of the school fund, and was so designated on the levy list placed in the hands of the appellant, the tax collector who collected the same. HELD:

That the money so collected was received for the use of the School Commissioners of the county, who by law were entitled to demand and receive such fund, and that there was such privity of contract between the said School Commissioners and the tax collector as to enable the former to maintain an action at law against the latter for the recovery of the money so collected and retained by him.

And the fact that the appellant was responsible upon his official bond, and might have been sued thereon in the name of the State, was no bar to the action of assumpsit.

A tax collector, who admits the collection of taxes, will not be permitted to urge in his defence, to a suit for their recovery that they were unlawfully levied.

In an action by the Board of School Commissioners of Washington county against a tax collector, to recover money collected by him for the school fund, the Treasurer of the Board is competent to testify that the defendant had acknowledged that he had collected the money, notwithstanding that the witness, as Treasurer, had given his receipt to said defendant for the money sued for.

It was also competent for the witness to show that the receipt given by him was erroneous, in that the money had not been all paid by the defendant; and upon objection being made to the admissibility of such evidence on account of interest, the plaintiffs had the right to execute a release, the effect of which was to remove the objection.

APPEAL from the Circurt Court for Washington County.

The facts of the case are sufficiently stated in the opin- of the Court.

At the trial below there were five bills of exceptions taken by the appellant, the first and second of which are omitted, as the questions therein raised, being to the admissibility of evidence, are presented in the fifth exception.

*Third Exception:* The plaintiffs called as a witness

O'Neal *vs.* The Board of School Commissioners of Washington County.

Thomas Maddox, by whom they proposed to prove that the defendant admitted that he had collected and had in his hands the sum of $1,400, for and on account of the school fund collected under the county levy for the year 1854, but the defendant objected to the competency of the said Maddox, as a witness for the plaintiffs ; and it being admitted that the said Maddox was the treasurer to the said plaintiffs for the years 1856 and 1857, and that he had, as such treasurer, given bond as required by law, the defendant, for the purpose of sustaining his said objection to the competency of the witness, proposed and offered to produce and prove the bond of the said Maddox, as treasurer as aforesaid, and also offered and proposed to prove that the said Maddox, as such treasurer, had received into his hands the money for which this suit was brought, while he was treasurer, by offering to produce and prove the written receipt of the said Maddox, as treasurer, to the defendant for the said money ; and by thus showing the interest of the said Maddox in the subject matter of this suit, and in the recovery against the defendant, the defendant proposed and sought to sustain his objection to the competency of the said witness.

But the Court (WEISEL, J.,) overruled the objection, and permitted the witness to be examined.    To this ruling the defendant excepted.

*Fourth Exception:* After proving by the witness Maddox that the defendant had admitted that he, as collector for the year 1854, had collected the sum of $1,400, for and on account of the school fund of said county, the plaintiffs then proposed to prove by the said witness, how much of the said sum of $1,400, so collected, had been paid over to him as treasurer as aforesaid, and how much of the said sum still remained in the hands of the defendant unpaid.

But to the further examination of the said witness as to the payment and receipt of the said money, and as to

O'Neal *vs.* The Board of School Commissioners of Washington County.

how much of said sum of $1,400, levied for the use of said school fund for the year 1854, as aforesaid, remained unpaid by the defendant, the said defendant objected, and insisted that the said witness was incompetent to testify in regard to said facts, or to show that any part of the said sum of money still remained in the hands of the defendant; and to sustain such objection to the competency of the said witness before the Court, the said defendant produced and exhibited to the said witness the following entry and receipt in full:

School Fund of Washington county, $1,400, recd. in full July 25th, 1857.

THOMAS MADDOX, Treas.

And examined the said witness on such objection to his competency, and upon such examination the said witness proved that he was treasurer as aforesaid, and that the said receipt so produced and shown, was his genuine receipt given as such treasurer. And the said defendant, still urging the objection to the competency of the said witness, the counsel for the plaintiffs asked him if he had not a release, and if so, to produce the same; and he accordingly produced a release from the plaintiffs, of himself and his sureties on his bond as treasurer, given on the 29th of January, 1856. And although said release was produced, the defendant still persisted in his objection to the competency of the witness, and asked the Court to exclude the witness notwithstanding the release, insisting that it was not competent for the witness to contradict his receipt, produced and proven as aforesaid. But the Court overruled the objection and decided that it was competent for the witness, as well without as with the release, to contradict his receipt, and to show that the same was not correct, and that he had not in truth received all the money specified therein. To this ruling the defendant excepted.

O'Neal *vs.* The Board of School Commissioners of Washington County.

*Fifth Exception :* The plaintiffs proved by the witness Maddox, the circumstances attending the giving of said receipt, and that there was a mistake on his part in giving the same, and that although the receipt was an acknowledgment in full for the sum of $1,400, he had not in fact received that sum ; that there remained in the hands of the defendant a balance of $417.75, which he, the witness, had never received. Upon all the evidence in the cause, the defendant prayed the Court to instruct the jury that the plaintiffs were not entitled to recover in this cause.

1st. Because the school fund in respect of which this action is brought, belongs to Washington county, and the County Commissioners for the said county have charge of and control over the same, and therefore the plaintiffs cannot maintain this action for the recovery of any part of said fund, or any money that may have been levied and collected as taxes, for the use or on account of said school fund.

2d. Because this action being one of assumpsit against the defendant, cannot be supported without some privity of contract as between the plaintiff and defendant, and that there is no such privity shown to exist in this. cause.

3d. Because the school fund for said county was required by law to be applied to the use of the public schools of the said county ; and the County Commissioners of said county had no lawful authority to apply any part of the said school fund to any other county purposes than to the use and support of the public schools of the said county ; and having applied some part of said fund otherwise than to the use and support of such public schools, the said commissioners could not lawfully levy taxes upon the taxable property of the said county to refund and pay back such part of said school fund, so used and misapplied, until duly authorized by law.

O'Neal vs. The Board of School Commissioners of Washington County.

4th. That the plaintiffs in this cause cannot maintain the action to recover of defendant any money that may have been levied by the County Commissioners of Washington county, in the year 1854, and collected by the defendant as taxes, for the use of on account of the school fund of said county.

5th. If the jury find that the money for which this suit is brought, was levied by the County Commissioners of Washington county, on the taxable property in said county, in the year 1854, and collected by the defendant as collector of taxes, then the said sum of money, so levied and collected, remained subject to the order of the said County Commissioners; and unless the said plaintiffs have the order of the said County Commissioners directing the payment of said money, so levied and collected to them for the benefit of the school fund, they cannot recover in this action.

6th. If the jury find that the money for which this suit was brought, was levied by the County Commissioners of Washington county, in the year 1854, on the taxable property in the said county, and collected by the defendant as collector of the taxes of said county, then the said money so levied and collected, was subject to the orders of the said County Commissioners, and would not constitute any part of the school fund of said county, liable to the control and management of the plaintiffs, until actually paid over by the order of the said County Commissioners.

All of which prayers the Court rejected. And to this ruling of the Court, in rejecting said prayers, the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BOWIE, C. J., BARTOL and GOLDSBOROUGH, J.

O'Neal *vs.* The Board of School Commissioners of Washington County.

*Richard H. Alvey*, for the appellant:

The questions in the first and second exceptions, being to the admissibility of evidence, are also presented in the fifth exception, and may be considered in the discussion of the latter exception.

As to the third exception, Maddox was not a competent witness for the plaintiffs; being treasurer, and the facts proposed to be proved, showing *prima facie* at least, that he had received the money sued for, he was interested in obtaining a verdict against the defendant, because thereby the liability would be fixed on the defendant, and the witness would be exonerated from responsibility to the plaintiffs. *Pingree vs. Warren*, 6 *Greenl. Rep.*, 457; *Emerton vs. Andrews*, 4 *Mass.*, 653; *Hayes vs. Grier*, 4 *Binn.*, 80; 1 *Greenl. Ev.*, sec. 396.

As to the fourth exception: The School Commissioners had no authority to release the bond of the treasurer, in order to make him competent as a witness; the proof showing *prima facie*, that he had received the money as treasurer, and was therefore accountable. *Angel vs. Town of Pownal*, 3 *Verm. Rep.*, 461; *Fraser vs. Marsh*, 2 *Stark. Cas.*, 41.

The Court erred in ruling that the witness was competent, *as well without* as with the release. The witness was clearly incompetent without the release; and, as the determination of the Court necessarily assumed that the witness had no interest in the result of the case, the effect of the ruling was to preclude all consideration of motive, influence, &c., which might have affected his credibility, and to place him before the jury unaffected by the circumstances of his apparent responsibility, and the manner in which he was seeking to be relieved of it; and hence the jury was most likely misled as to the true relation of the witness to the case.

The defendant propounded six prayers, all of which were rejected.

To this rejection the fifth exception was taken.

In reference to the prayers so rejected it is respectfully insisted:

That the right of action was in the County Commissioners, and not in the School Commissioners. *Acts* 1812, *ch.* 79; 1816, *ch.* 256; 1821, *ch.* 215; 1825, *ch.* 162, *sec.* 25; 1847, *ch.* 232; 1849, *ch.* 334; 1853, *ch.* 239; 1853, *ch.* 355; 1856, *ch.* 242; *Const. of* 1851, *Art.* 7, *sec.* 8; *The Commissioners of Wash'g Co. vs. Nesbit,* 6 *Md. Rep.,* 468; *State, use of Washington Co., vs. B. & O. R. R. Co.,* 12 *G. & J.,* 399.

That this action being founded upon a supposed *implied assumpsit,* it cannot be maintained, because there is an express covenant in the bond of the defendant, given in evidence by the plaintiffs, for the faithful collection and payment over of all moneys collected; and the principle being that promises in law *only* exist where there is no express stipulation. *Toussaint vs. Martinnant,* 2 *Durn. & East.,* 100.

That there is no privity of contract as between the parties to the action. *Williams vs. Everett,* 14 *East.,* 596; *Price vs. Easton,* 4 *B. & Ad.,* 433; *Barron vs. Husband,* 4 *Barn. & Adolp.,* 611; *Howell vs. Batt.,* 5 *Barn. & Adolp.,* 504; *Barlow vs. Browne,* 16 *Mees. & Wels.,* 126; *The State vs. Stewart,* 4 *Har. & McH.,* 422; *French vs. Fuller,* 23 *Pick.,* 108; *Weston vs. Gibbs,* 23 *Pick.,* 205.

4. That the money sued for was unlawfully levied, and consequently the law would raise no implied promise upon which the plaintiffs could maintain this action. And it was subject to the order of the County Commissioners, and no right in or control over the same vested in the plaintiffs until it was actually paid over by the order of the County Commissioners.

*Andrew K. Syester,* for the appellees.

It is insisted, on the part of the appellant, that Maddox

was incompetent to testify, because he was the treasurer of the appellees, and as such under bond, &c., and that he had given a receipt for the very money for which this suit was brought.

It is not pretended that Maddox was in any manner interested in the suit by being a party to the record; but that he was interested in obtaining a verdict against the appellant, thereby exonerating himself from responsibility to the appellees. The "facts proposed to be proved" by Maddox were not such as were calculated to *shift* responsibility *from him.* At that stage of the case he was not called to explain away any *prima facie* case against him. The money could not have gone into his hands without first passing through O'Neal's. But Maddox was a competent witness in this case for *all or any purpose.* The appellees could only act through agents; Maddox was their agent—treasurer—to receive and dispense their funds.

And even conceding his interest in the form suggested by the appellant, his evidence was admissible on the principle of necessity, which admits an agent or servant in the common course of his business. *U. S. Bank vs. Stearns,* 15 *Wend.,* 314; *Strafford Bank vs. Cornell et al.,* 1 *N. Hamp.,* 192; *The Franklin Bank vs. Freeman,* 16 *Pick.,* 535; 5 *Martin,* 305–310.

"This exception to the general rule has its foundation in public necessity and convenience." * * "And extends in principle to *every species* of agency *or intervention* by which business is transacted, unless controlled by some other rule. 1 *Greenleaf Ev.,* sec. 416.

That the rule contended for by the appellant does *not* overbear the exception is admitted in one of the very cases relied on by him. *Pingree vs. Warren,* 6 *Greenl.,* 457.

The fourth exception presents the question, whether the appellees had power to release Maddox, their agent. The Act of 1853, chapter 355, (and the same provisions are

236　　　　MARYLAND REPORTS.

O'Neal *vs.* The Board of School Commissioners of Washington County.

carried into the Code of Public Local Laws, Article 21,) clothes the appellees with *"perfect"* and *"exclusive"* control over the "school fund," and authorizes them to demand, receive, to have, hold, &c. (See *secs.* 246, 247, 21*st Art., Code of Pub. Local Laws.*)

These provisions constitute the appellees, the public agents or trustees of the "school fund," in Washington county. They are invested with "exclusive" control, and have "full power" over it; hence they must not only necessarily possess capacity to sue, but they have power, as a *quasi* corporation, to do all other acts in connection with this fund commensurate with their public duties and trust. *Overseers of the Poor of Pittstown vs. Overseers of the Poor of Plattsburg,* 18 *Johns.,* 418; *Carmichael vs. Trustees of School Lands,* 3 *How.,* (*Miss.,*) 84.

The fifth exception arises on the appellant's prayers.

The first prayer denies the right of the appellees to recover in this case, because it alleges "that the school fund belongs to Washington county," and the Commissioners of the county "have charge and control over the same."

The Act of 1853, chapter 355, section 5, invests the appellees with *complete power* and *exclusive* control over the "*school fund.*"

This provision is incorporated into the 246th section of Article 21, Code of Public Local Laws.

The second prayer denies the right to recover, because it is asserted there is no privity of contract. But the levy was made for the use of the "school fund," over which the Legislature had given the appellees *complete* and *exclusive* control; no other person or body could have sued for and recovered it.

The third prayer denies the right to recover, because the original loan or draft of the County Commissioners on the "school fund" in 1852, (before the appellees were clothed with complete and exclusive control over it,) is

asserted to have been unlawful, and, therefore, it was not competent to restore or reinstate what had been thus unlawfully used. It is difficult to conceive how any person, *even a tax payer*, could be sustained in such an objection. But it is impossible to believe that O'Neal, with this money "*collected and in hand*," can be allowed such a defence as this.

If the County Commissioners in resorting to this fund, to meet the current county charges then pressing for payment, misapplied it, it was their first and paramount duty to reimburse that fund by a levy on the people, for whose public interest the fund had been diminished.

The fourth prayer is covered by the answers to the first and second prayers.

The fifth and sixth prayers deny the right to recover, because it is alleged that when collected the money levied to reimburse the school fund, and *for its use* by law, remained subject to the order of the County Commissioners. And that there is no such order.

But by the very terms of the levy the use and purposes for which the money was levied, were most explicitly signified. It was levied and collected, and was *held in hand* for the use of the "school fund," and over this fund there was, in being, but *one* body who could by law "*control*" it.

BARTOL, J., delivered the opinion of this Court.

This is an action of assumpsit by the appellees against the appellant. The declaration contains, among others, a count for money had and received by defendant to the use of the plaintiffs, and for money found due plaintiffs on an account stated.

In the bill of particulars filed, it is stated that "the amount claimed is $417.57, balance due upon the levy, for the benefit of the school fund placed in the defendant's hands for collection, as collector of the county taxes

for the year 1854, with interest thereon from six months after the date of the levy."

The facts of the case as disclosed by the proof are that in 1852 certain county charges or "Court orders" were paid by the order of the County Commissioners, out of the school fund of the county. In 1854, to reimburse the sum so expended, the sum of $1,400 was levied by the County Commissioners "for the use of the school fund of Washington county."

The defendant was collector of State and County taxes for the year 1854, and, as such, collected the sum of $1,400 so levied "for the use of the school fund." Part of the money so collected was paid by the appellant, and this suit was instituted to recover the balance. Five bills of exceptions were taken at the trial.

The fifth exception will be first considered. This was taken to the rejection of six prayers offered by the defendant, which present the following points or objections to the right of the plaintiffs to recover :

1st. That the right of action was in the County Commissioners and not in the plaintiffs.

2d. That there is no privity of contract between the parties.

3d. That the defendant having given his official bond for the faithful discharge of his duties as collector, an action of assumpsit cannot be maintained against him.

4th. That the money sued for was unlawfully levied.

1st. As to the right of the plaintiffs to sue. By the Act of 1853, ch. 355, they were constituted public agents to receive and disburse the school fund of the county. By the 5th section, they and their successors were clothed with "full and complete power and exclusive control "over this fund, and were empowered to have, demand, receive, hold, vest, and reinvest the same in behalf of and for the benefit of the primary schools, and for the promotion of education in the said county." And all

money due and to become due and payable for the use of the school fund, was made payable to their order. These provisions constitute the plaintiffs *a quasi* corporation, with capacity to sue for and recover any moneys belonging to, or appropriated for the use of the school fund, which they alone were entitled to receive, and over which they had the exclusive control. *Overseers of the Poor of Pittstown vs. Overseers of the Poor of Plattsburgh*, 18 *Johns. Rep.*, 407.

2d. As to the privity between the parties. It has been argued by the appellant that the fund in question, having been assessed by the County Commissioners among the public taxes, it was payable when collected only to them or their order : that the responsibility of the collector was to them, and not to the plaintiffs ; and in support of this position we have been referred to *Williams vs. Everett*, 14 *East*, 582, 596 ; *Price vs. Easton*, 4 *B. & Ad.*, 433 ; *Baron vs. Husband*, 4 *B. & Ad.*. 611; *Howell vs. Batt*, 5 *B. & Ad.*, 504; *Barlow vs. Brown*, 16 *M. & Wels.*, 126 ; *French vs. Fuller*, 23 *Pick.*, 108 ; *Weston vs. Gibbs*, 23 *Pick.*, 205. These cases have been carefully considered, and without impugning the principles upon which they were determined, we are of opinion they are not applicable to the present case. Here the proof shows that the levy of the sum in question was made by the County Commissioners for the use of the school fund, and was so designated on the levy list placed in the defendants' hands. He assumed the duty of making the collection for the uses indicated ; and when the money was received by him, it enured to the use of the plaintiffs, who by law were entitled to demand and receive the school fund ; and thus was money received by the defendant for their use. No further order or action by the County Commissioners was necessary to vest the title in the plaintiffs or entitle them to sue. In *Owings' Exc'rs vs. Owings*, 1 *H. & G.*, 484, it was said that "a promise by

240 MARYLAND REPORTS.

O'Neal *vs.* The Board of School Commissioners of Washington County.

a debtor to his creditor to pay his debt to a third person, will not enable such third person to maintain an action at law in his own name for its recovery." But " where one pays money to another for the use of a third, or where a person having ready money belonging to another, agrees with that other to pay it over to a third, in both these cases an action may be brought in the name of the person beneficially interested.

In *Vrooman vs. McKaig,* 4 *Md. Rep.,* 454, the Court declared that in an action for money had and received, the plaintiff may recover any money in the hands of the defendant, which *ex equo et bono* belongs to the plaintiff. According to these authorities, which are not in conflict with the cases cited by the appellant, but rest upon distinct grounds, we are of opinion there is no want of privity between these parties.

3d. It is no good objection to this suit that the defendant was bound upon his official bond, and might have been sued thereon in the name of the State. That is a distinct and collateral remedy which the party entitled to the fund is not bound to pursue. In a suit upon the bond the defendant and his sureties would be liable; and if the action were instituted in the name of the State it could only be brought on the bond. *State vs. Stewart,* 4 *H. & McH.,* 422. Notwithstanding the bond, the defendant, by reason of the receipt of the money by him, is personally answerable to the parties entitled to claim the same, and may be sued in assumpsit if they so elect.

4th. The case of *Waters and others vs. The State,* 1 *Gill,* 302, furnishes a conclusive answer to the objection growing out of the supposed illegality of the tax. Even if there were good ground to question the legality of the action of the County Commissioners in levying the tax, the defendant could not be permitted to raise the objection in his defence in this action.

This Court is of opinion there was no error in rejecting the defendant's prayers.

We affirm the ruling of the Circuit Court also upon the first and second exceptions, for the same reasons; there being no other objections to the admissibility of the evidence therein referred to, except such as are presented in the prayers, and which have already been disposed of.

The third and fourth exceptions present the question of the competency of Maddox, the Treasurer of the Board of School Commissioners, to testify for the plaintiffs; and the admissibility of his evidence.

The objection to his testimony made by the appellant, is that being treasurer, and having given his receipt to the defendant for the money sued for, he was *prima facie* liable to the plaintiffs and interested in obtaining a verdict against the defendant, thereby exonerating himself. This objection, whatever force it might have, could not apply to the evidence offered in the third exception, which was simply that the defendant had acknowledged that he had collected the money. The effect of such testimony was not to shift the responsibility from the witness.

When the evidence stated in the fourth exception was offered, for the purpose of contradicting the receipt of the witness, and proving that it was erroneous and that the money had not been all paid by the defendant; and objection was made to its admissibility, a release to the witness from the plaintiffs was produced. The effect of that release was to remove the objection to the witness on account of interest. In our opinion there is no valid ground for denying the power of the plaintiffs to execute the release. Being entitled to maintain the action in their own names, as the lawful custodians of the fund and having the capacity to sue; they had of course the power to do all other acts incidental to the prosecution of the suit. *Overseers of the Poor of Pittstown vs. Overseers of the Poor of Plattsburg*, 18 *Johns. Rep.*, 407, 418. We do

not mean to decide that in this case the release was neces-
sary to restore the competency of the witness; there is
much force in the view presented by the appellee that as
agent and servant of the plaintiffs his testimony concern-
ing matters in the course of his business and employment
would be admissible on the principle of necessity. But
it is not necessary to decide that question. With the
release he was clearly competent.

The observation made by the Judge of the Circuit
Court that "he would be competent without the
release," was not material, did no injury to the appel-
lant, and forms no ground for reversing the judgment.

*Judgment affirmed.*

(Decided 21st June, 1867.)