GEORGE W. MASON *vs.* ELIJAH T. JOHNSON and LAVINIA F. JOHNSON.

ESTATES BY THE CURTESY.

*Construction of Wills—Meaning of the words, "die without issue;" "die without leaving heirs of the body, &c."—Act of 1862, ch. 161—Code, Art. 93, sec. 305—Estates in fee-tail general—Code, Art. 47, sec. 1—Common Law Curtesy no longer exists in Maryland—Code, Art. 45, sec. 2—In what estates of the wife the husband takes a life estate.*

L. J. by her will, dated January 24th, 1874, devised certain real estate to her son and two daughters, to be equally divided amongst them; providing that in case either of them should die without an heir of the body lawfully begotten, the share of the one so dying should pass to the survivors; and in case all of them should die without an heir of the body lawfully begotten, the real estate to pass to her grand child, A. L.

One of the devisees afterward intermarried with M., and in 1876, died intestate and leaving no issue, the other devisees surviving her. M. claimed a life estate in the land so devised to his deceased wife, of which she had died intestate. It was HELD:

1st. That at the common law the devise over to the survivors, depending upon the failure of issue of the other devisee or devisees, would be void, it being too remote.

2nd. That the Act of 1862, ch. 161, operates to save the limitation over and make it valid and effectual.

3rd. At the common law the phrase "failure of the heirs of the body" meant an "*indefinite* failure of issue."

4th. But by the Act of 1862, ch. 161, this rule of construction has been changed, and now the words, "die without issue;" "die without leaving issue;" "have no issue," or any other words which may import either a want or failure of issue, of any person in his life-time, or at the time of his death, or any indefinite failure of issue, shall be construed to mean *a want or failure of issue in the life-time, or at the time of death of such person*, unless a contrary intention appear in the will.

5th. The will is to be read as if the limitation to the survivors was by the terms of the will to take effect upon the death of either of the children dying without an heir of the body living at the time of his or her death.

By Art. 93, sec. 305, of the Code, words of perpetuity are no longer required in wills, but the interest of the testator will pass to the devisee without such words, unless a different intention appear.

By Art. 47, sec. 1, of the Code, estates in fee-tail general descend as fee-simple estates in Maryland.

The tenancy by the curtesy, at it was at the common law, no longer exists in Maryland in lands held by a married woman under the provisions of the 45th Art. of the Code.

The real property of the wife in which the husband takes a life estate must be understood to mean such real property as is devisable by the wife, and does not exist where the wife had not an estate which she could dispose of by will.

APPEAL from the Circuit Court for Somerset County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ALVEY, J.

*Thos. S. Hodson*, for appellant.

The clause devising the real estate of Lovey Johnson to her three children is fully set out in the record, and

need not be here repeated. The attention of the Court is asked to the construction of that will and the rights of George W. Mason, husband and survivor of Mary E. Johnson, one of the daughters of Lovey, now also deceased, in the real estate named therein.

It is plainly the intention of Lovey Johnson, that her daughter, Mary, shall take one-third of the said real estate for life, that the heirs of her body shall inherit at her decease, if there be any such, if not, then it shall go to Elijah and Lavinia, or the survivor of them, or in case neither shall survive Mary, then to Annie Laird, her grand-daughter. The devise to Mary is equivalent in Maryland to a devise to Mary and her heirs.

Does the rule in *Shelley's Case* apply, and is or not the limitation over too remote?

The Court below have held that this question is disposed of by the Act of 1862, ch. 161, which takes the words of the devise out of the statute, and makes a definite, instead of an indefinite failure of issue.

The Act of 1862, ch. 161, does not apply. In a large number of cases in the Maryland Court of Appeals the meaning of " issue," " die without issue," and " other words which may import either a want or failure of *issue,* or indefinite failure of *issue,* " &c., have been construed by the Court. See 7 *H. & J.,* 237 ; 4 *Md.,* 11 ; 1 *H. & G.,* 111.

The Act of 1862, ch. 161, is intended to settle the meaning of all varieties and forms of expression in which the word " issue " is used in wills. The purpose of the Act is to change a judicial into a legislative *dictum.*

The meaning of the words " heir of the body," or " heirs of the body," is well determined, and has now become a " rule of property," and will not be disturbed except by the clearest and most explicit legislative action. 2 *Gill,* 241.

The word " issue " is not used in this will, and the Act of 1862, ch. 161, does not apply, unless the Court shall

hold contrary to a long line of decisions, ancient and modern, that the word " heir," is equivalent to " issue." Would not a grandchild, if any, of Mary Mason, take under the will in default of a child?

The rule does apply, and the Court below so intimates, except for the above named Act. See 5 *H. & J.*, 10; *Ware vs. Richardson*, 3 *Md.*, 545; *Simpers vs. Simpers*, 15 *Md.*, 160.

If an indefinite failure of issue is meant, I understand it to be conceded that Mary took a fee-simple, and that the complainant is entitled to a life estate as alleged in the bill.

If the Act of 1862, ch. 161, does apply to the will of Lovey Johnson, and the failure of issue meant is a " definite failure," is the complainant entitled or not to the curtesy in his wife's portion of the land at her death, without issue born during the period of coverture.

As the authorities to be cited refer chiefly to dower, I wish briefly to state my view of the character of the estate vested in the husband under Article 45, sec. 2, of the Code.

The Code does not do away with the tenancy by curtesy, as supposed by some, but it empowers the wife (contrary to the course of the common law,) to devise her real property free from the curtesy of her surviving husband, and it provides that if she do not elect in her life-time so to devise, then upon her death, *intestate*, tenancy by the curtesy shall pass to him, as by the common law. Such is the effect and the sole effect of sec. 2. If the wife fails to use the enlarged power granted her, and devise away the land entirely, or vest a larger or different estate in the husband, then she shall be deemed to have waived her right, and the husband takes, *not a statutory life estate, but a tenancy by the curtesy, according to the course of the common law.*

Only two questions seem to present themselves for the consideration of the Court at this branch of the case:

1st. Can surviving husband have an estate for life or tenancy by the curtesy in lands wherein his wife, at and before her death, is seized of the fee, *defeasible* on a certain contingency?

2nd. If so, must there still be *"birth of issue,"* during the coverture, so to entitle the husband?

To the first question I answer yes. To the second no. I refer to the following authorities in support of both propositions. 2 *Sharswood's Blackstone, marg. p.* 131; *Washburn on Real Property,* 245, 246 ; 1 *Jarman on Wills, p.* 792; 2 *Crabbe on Real Estate,* 167 ; *Broom & Hadley's Commentaries,* 574-5 ; *Redfield on Wills,* 653 ; *Kennedy vs. Kennedy,* 5 *Deutch,* 185 ; *Northcott vs. Northcott,* 12 *B. Monroe,* (*Ky.,*) 65 ; 1 *Scribner on Dower,* 284 *to* 307.

I think these cases will abundantly show that dower (and by analogy tenancy by curtesy,) uniformly vests in cases similar to the one in question. That a surviving husband is entitled to curtesy, if his wife was seized of an estate, which any heir she *might* have by him, might *by any possibility* inherit. That if the estate was at any time a *fee, no matter whether defeasible or not, he is entitled to his curtesy.*

*J. W. Crisfield,* for appellees.

The principal question to be determined arises on the construction of Lovey Johnson's will. What estate did Mary E. Johnson, the appellant's deceased wife, take under that will? The clause in question, is in the following words:

"I give, devise, and bequeath unto my son, Elijah T. Johnson, and my daughters, Mary E. Johnson and Lavinia F. Johnson, the farm whereon I now dwell, to be equally divided between them ; and in case either of them shall die without an heir of their body, lawfully begotten, I then devise the share of the one so dying, to the survivor

or survivors of them ; and I further direct, that in case all three of my said children shall die without an heir of the body lawfully begotten, I then give, devise and bequeath all my said farm unto my grand-daughter, Annie Laird, and her heirs and assigns forever.''

Upon this devise, two points were made: *First,* that the limitation over was too remote, and therefore void; and *second,* if not too remote, still Mary took the fee, defeasible on the happening of the contingency ; and in either view she had an estate, which will support her surviving husband's right, either by the curtesy, or under the 45th Article of the Code.

The first point is settled by the Act of 1862, ch. 161. The devise in this case is to the three children, with the gift over, "in case either of them shall die without an heir of their body lawfully begotten, I then devise the share of the one so dying to the survivor or survivors of them." By the Act in question, we are required to read these terms, as importing a failure of issue at the death of Mary, and not on the indefinite failure. It follows then, that the devise over is not too remote, and she must be held to take only an estate for life. *Act* 1862, *ch.* 161 ; *Goldsborough vs. Martin,* 41 *Md.,* 503.

And there being in this case, no limitation of an estate to the "heir" of Mary, the rule in *Shelley's Case* cannot be invoked to help out her estate. *Ware vs. Richardson,* 3 *Md.,* 545.

The second point is quite as clearly unavailable to the appellant, for several reasons :—

1st. The wife never had the fee ; she took only a life estate, with a contingent limitation on her dying without an heir of her body. Until that contingency was determined, either by the birth of an heir, or her death without one, the fee was not disposed of, but remained in abeyance, or more correctly speaking, it descended to the heir-at-law. Never having had an heir of her body at her death,

it for the first time vested, not in her, but in the devisees in remainder. The wife never having had a fee, the husband never could become entitled, after her death, to the land, and the doctrine of the husband's rights in estates of the wife, by title in fee defeasible on condition, is inapplicable.

2nd. But if her estate, created by this will, could be held to be a fee defeasible on her dying without an heir of her body, still the husband would not be entitled as tenant by the curtesy, because her estate is determined by her so dying, by the express words of the devise, and her brother and sister took as purchasers by force of the gift over. *Barker vs. Barker,* 2 *Simons,* 249 ; 2 *Conds. E. Chan. Cases,* 400.

3rd. The husband is not entitled as tenant by curtesy on the averments of this bill, because the bill omits to aver the birth of a child capable of inheriting, which is an indispensable requisite to a tenancy by the curtesy. 1 *Cruise on Real Property,* 140.

4th. The common law estate of tenancy by the curtesy, at least to the extent of the property of the wife acquired by either of the modes described in the 45th Article of the Code, is abolished, and in its stead, a statutory provision is made for the husband entirely different in nature and quality. *Code, Article* 45, *sec.* 2.

5th. Nor is he entitled under that Article. The provision for the husband out of the wife's estate, made by the Code, is a statutory provision, which cannot be enlarged or extended by construction beyond its express terms. It is but slightly analogous to the tenancy by the curtesy. The latter begins in the life of the wife. On marriage, seizure of the wife and the birth of issue, his estate becomes initiate, and he cannot be defeated of it. If at the time of the birth of issue, she was seized of an estate in fee, which might be inherited by that issue, the husband's right became fixed, and could not be defeated

by any subsequent failure of her estate. Hence, he was entitled to his curtesy in her fee-simple estate, though defeasible on condition subsequent. 1 *Cruise on Real Property*, 140; *Buckworth vs. Thirhill*, 3 *B. & P.*, 652; *Moody vs. King*, 2 *Bingham*, 447; 9 *Eng. C. L. Rep.*, 475.

Under the provisions of the Code, the wife's real estate acquired by any of the modes therein mentioned, she holds as her separate estate, and may dispose of it at her pleasure without her husband's concurrence. While she lives, he has no estate whatever, initiate, inchoate or otherwise. His right is dependent on her dying intestate, and the *quantum* of his estate is measured by her leaving or not leaving children. The estate of the wife, out of which the Code makes a provision for him, must be one which she might have disposed of by will, or in case of her intestacy, will descend to her heirs. In a word, the Code provides for him only out of her estates of inheritance; it gives him no rights in her property, her title to which, from any cause, terminates at or before her death. If, therefore, the appellant's wife's title was a fee defeasible on her dying without an heir, and that limitation is a valid limitation, as we are obliged to hold, the appellant has no title whatever, and the decree in this cause must be affirmed.

BARTOL, C. J., delivered the opinion of the Court.

Lovey Johnson, late of Somerset County, by her will dated the 24th day of January 1874, devised as follows:

"I give, devise and bequeath unto my son Elijah T. Johnson, and my daughters Mary E. Johnson and Lavinia F. Johnson, the farm whereon I now dwell, to be equally divided between them, and in case either of them shall die without an heir of their body lawfully begotten, I then devise the share of the one so dying to the survivor or survivors of them. And I further direct that in case all

three of my said children shall die without an heir of the
body lawfully begotten, I then give, devise and bequeath
all of my said farm unto my grand-daughter Annie Laird,
and her heirs and assigns forever." * * * * * * *

Mary E. Johnson, one of the devisees, afterwards inter-
married with the appellant, and in 1876, died intestate
leaving no issue; her brother and sister, the other devisees
surviving her. Her husband, the appellant, filed his
bill of complaint claiming to be entitled to a life estate in
the land devised to her by the will of her mother, and
praying for partition. The defendants Elijah and Lavinia,
demurred generally and the Circuit Court sustained the
demurrer and dismissed the bill, and the complainant has
appealed.

The first question to be considered is what estate did
Mary E. Johnson take under the will, and in disposing of
this question we are first to determine whether the devise
over to the survivors is valid. At the common law it
would be inoperative because too remote, being limited to
take effect after an indefinite failure of issue, or what is of
equivalent import after a failure of the heirs of her body
whenever that might occur. But by the *Act of* 1862, *ch.*
161, this rule of construction has been changed. That
Act provides "that in any devise or bequest of real or per-
sonal estate, the words ' die without issue' or ' die without
leaving issue' or ' have no issue,' or any other words which
may import either a want or failure of issue, of any person
in his life-time, or at the time of his death, or an indefinite
failure of issue, shall be construed to mean a want or failure
of issue in the life-time, or at the time of the death of
such person, and not an indefinite failure of issue, unless
a contrary intention shall appear by the will."

This statute operates to save the limitation over, and
make it valid and effectual; the will is to be read as if the
limitation to the survivors was by the terms of the will to
take effect upon the death of either of the children, dying

without an heir of their body, living at the time of his or her death.

Now the devise to *Mary* is of one undivided third part of the land, as a tenant in common, but without words of perpetuity or limitation, this at the common law, the limitation over being valid, would give her a life estate only ; and upon the happening of the contingency at her death, the survivors would take the estate as a contingent remainder. *Hoxton vs. Archer*, 3 *G. & J.*, 199 ; *Turner vs. Withers*, 23 *Md.*, 18.

Here a question arises upon the effect of the provision of the Code, *Art.* 93, *sec.* 305. (Act of 1825, ch. 119.) That section provides that "in every will whereby any lands or real property shall be devised to any person, and no words of perpetuity or limitation are used in such devise, the devisee shall take under and by virtue of such devise, the entire and absolute estate and interest of the testator in such lands or real property unless it shall appear, by devise over or by words of limitation or otherwise that the testator intended to devise a less estate and interest."

If we are to consider that the effect of this provision of the Code is to enlarge the life estate given to Mary, in the same manner as if words of perpetuity or limitation were formed in the will, then the effect of the limitation over, · which we have said is good and valid · under the Act of 1862, would constitute her estate a *fee-tail general* by implication, which by the operation of our law of descents, Code, Art. 47, sec. 1, is converted into an estate in fee-simple. But assuming that such is the operation and effect of the 305th section of Article 93 of the Code, without however meaning so to decide, then it would follow that the estate of Mary would not be an absolute estate in fee, but a fee defeasible upon the happening of the contingency of her leaving no heir of her body living at the time of her death, a contingency which has actually occurred.

Now the remaining question is whether, if such be the nature of her estate, her husband, the complainant, is entitled to a life estate? In determining this question, it is quite immaterial to consider whether at the common law the husband would be entitled to curtesy where the wife is seized during the coverture of an estate in fee defeasible upon the happening of a contingency. Upon this question there seems to have been much contrariety of opinion among the learned text writers and conveyancers in England, and some conflict in the decisions by the Courts there as well as in this country.

Many authorities on this point have been cited in the briefs; but they can have no application, for the reason that the tenancy by the curtesy as it was at the common law no longer exists in Maryland, in lands held, as in this case, by a married woman under the provisions of the 45th Article of the Code; and the appellant must claim if at all, under the provisions of the Code.

*Art.* 45, *sec.* 2, is in these words: "The property acquired or owned according to the provisions of the preceding section, by a married woman, she shall hold for her separate use, with power of devising the same as fully as if she were a *féme sole,* or she may convey the same by a joint deed with her husband; *Provided* that if she die intestate and leaving children, her husband shall have a life estate in her property, real and personal, but if she die intestate leaving no children, her husband shall have a life estate in her real property, and her personal property shall vest in him absolutely." That no estate by the curtesy can exist with respect to any lands so held by a married woman, no matter how absolute and unqualified her estate, is clear; for the power is expressly given to her to devise the same as fully as if she were a *féme sole,* thereby defeating the curtesy of the husband, and depriving him of any interest therein, for his interest can exist only in case his wife dies intestate—and in that event, the

Code provides that he shall have a life estate in her lands. Now this is not in any sense an estate by the curtesy, as known at the common law ; but a statutory life estate, which devolves upon him only under the provisions of the Code.

Construing these provisions, it seems to be quite clear that the life estate of the husband is given only in cases where the wife has such an estate as she may dispose of by will. It is given only in case she shall die intestate, and as said by Chief Justice BUCHANAN in *Newton vs. Griffith,* 1 *H. & G.*, 130, 131, *" a man cannot die intestate of that which is not devisable,"*—so the real property of the wife in which the husband takes a life estate, must be understood to mean such real property as is devisable by the wife, and does not exist where, as in this case, the wife had not an estate which she could have disposed of by will.

Whether therefore the estate of Mrs. Mason was a mere life estate, or a fee defeasible upon the happening of the contingency named in the will ; it is clear in our judgment that the appellant is not entitled to a life estate, or any other estate or interest therein under the provisions of the Code.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*

(Decided December 20th, 1877.)