Padgett *vs.* Sweeting.

(Decided 22nd June, 1886.)

LEAH J. PADGETT, and WILLIAM H. PADGETT, her Husband *vs.* JANE E. SWEETING, and her Husband, BENJAMIN F. SWEETING.

*Slander.*

In an action of slander, where there is no plea of justification, it is not competent for the defendant to give evidence of the truth of the defamatory words, as in the absence of such plea, the truth of the defamatory words would be no bar to the action.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiffs offered the two following prayers:

1. That if the jury believe from the evidence that the words charged in the declaration were spoken of and con-

cerning the said Jane E. Sweeting, by the defendant, Leah J. Padgett, then the plaintiffs are entitled to recover in this action.

2. If the jury shall find for the plaintiffs, they may award such damages as they in their judgment shall think justified by all the circumstances of the case, not only for the purpose of giving compensation for the injury done to the feelings of Mrs. Sweeting, but also for the purpose of punishing the conduct of the defendant.

The defendants offered four prayers, the fourth of which was abandoned in this Court, and the others are as follows :

1. That if the jury find from the evidence that the defendant, Leah J. Padgett, uttered the words as set forth in the plaintiffs' declaration, then in estimating the amount of damages, they may take into consideration all the attending facts and circumstances under which the defendant made such utterance, in mitigation of the damages ; and further, that in estimating the damages the jury may consider the degree of malice on the part of the said defendant.

2. That the jury must find from the evidence that the specific words set forth in the plaintiffs' declaration were uttered in the hearing of a person or persons; and they must further find that the said words were false, and that they were so uttered as aforesaid wilfully, by Leah J. Padgett, with the intent to injure the character and reputation of the plaintiff Jane.

3. That if the jury find from the evidence that the words set forth in the plaintiffs' declaration were wilfully and maliciously uttered by the defendant, Leah J. Padgett, in assessing the damages they must consider the actual standing and character of the plaintiff Jane, and the degree or extent to which she was injured.

The Court (STEWART, J.) granted the prayers of the plaintiffs, and the first prayer of the defendants, and re-

jected the defendants' second and third prayers. The defendants excepted. The jury gave a verdict for the plaintiffs for $500, and judgment was entered accordingly. The defendants appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J.

*Francis P. Stevens,* for the appellants.

*Charles W. Heuisler,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

Benjamin F. Sweeting and Jane, his wife, sued William H. Padgett and Leah, his wife, for defamatory words alleged to have been spoken by the defendant, Leah, of and concerning the plaintiff, Jane. The alleged words were these: "You, Jane Sweeting, you dirty stinking liar, you got on the stand and swore false oaths against me." If the stand mentioned was the witness stand in a Court of justice, engaged in a judicial proceeding, the words undoubtedly involved the charge of perjury and were actionable. If there is any ambiguity in the meaning of the words, it might have been made certain by a *colloquium,* as is well explained in *Peterson vs. Sentman,* 37 *Md.,* 140. We do not intend, however, to discuss this question, as no objection has been made to the sufficiency of the declaration. The exceptions are to the granting of certain prayers offered on the part of the plaintiff and to the refusal of others on the part of the defendant.

The case was tried on the plea of *non cul.* As there was no special plea in justification, it was not competent for the defendants to give evidence of the truth of the defamatory words. *Wagner vs. Holbrunner,* 7 *Gill,* 296; *Hagan vs. Hendry,* 18 *Md.,* 177; *Folkard's Starkie on Slander and Libel,* 512. It was not controverted that the

Padgett *vs.* Sweeting.

plaintiffs were married, and that the defendants were also man and wife; nor that the false oaths in question were alleged to have been sworn by the plaintiff, Jane, on the trial of a case in the Criminal Court of Baltimore; the defendant, Leah, herself testified to the latter fact. There was also evidence to the effect that the words were spoken to divers persons. The plaintiffs' first prayer tacitly assumes these facts and leaves to the jury simply the inquiry whether the words charged in the declaration, were spoken of the female plaintiff by the female defendant. No objection was made at the trial to the assumption of these facts, and none can now be made in this Court. As the truth of the defamatory words would not bar the action, where there was no plea of justification, there was no controverted fact for the jury except the speaking of the words charged in the declaration. There is no error in the plaintiffs' second prayer. The defendants' second prayer requires the jury to find that the words were false; and for this reason it was properly refused. The defendants' third prayer maintains that the jury in assessing damages, were obliged to consider the actual standing and character of the plaintiff, meaning the female plaintiff. There is nothing in the record to impeach her standing and character in the slightest degree, and under these circumstances, it was her legal right to be protected by the Court from any injurious imputation. It would have been very improper to give such an instruction to the jury. It would have implied that they had the right to discuss her character and draw unfavorable inferences if they saw fit; whereas they had no right to consider it otherwise than good.

*Judgment affirmed.*

(Decided 22nd June, 1886.)