## ANNIE CAIRNES *vs.* ADELAIDE L. PELTON.

*Slander—Competency of Witness Not Named in Bill of Particulars— Words Reflecting Upon Chastity of a Woman—Instructions—Measure of Damages.*

When a bill of particulars is filed upon the demand of the defendant in an action of slander it is not necessary that the names of the witnesses upon whose evidence the plaintiff intends to rely should be set forth in the bill; and at the trial a witness for the plaintiff is competent to testify whose name does not appear upon the bill of particulars.

Under Code, Art. 88, secs. 1 and 2, it is slander and *per se* actionable to utter to a third person any false words defaming the reputation for chastity of any woman, whether married or single. When the declaration alleges and the evidence shows that the defendant did utter such words concerning the plaintiff, and there is no claim of privilege or plea of justification, the plaintiff is entitled to recover therefor without proof of actual or special damage. Consequently in such action the jury is properly instructed that if they find from the evidence that the defendant uttered the slanderous words concerning the plaintiff set forth in the declaration, then their verdict must be for the plaintiff.

In such an action of slander a prayer is proper which instructs the jury that if their verdict should be for the plaintiff they may find such damages as will compensate the plaintiff and adequately punish the defendant for uttering the slanderous words, and in finding said damages they may consider the means and wealth of the defendant.

Appeal from the Circuit Court for Allegany County (WILLIAMS and WITZENBACHER, JJ.), where there was a verdict for the plaintiff for $300.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Albert A. Doub*, for the appellant.

*David J. Lewis* (with whom was *Geo. A. Pearre* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from a judgment entered against the appellant by the Circuit Court for Allegany County in the action for slander instituted against her by the appellee, Adelaide L. Pelton. There are four exceptions contained in the record. Three of these are concerned with the rulings of the Court upon questions of evidence, and the fourth relates to the disposition made by the Court of the prayers of the respective parties offered at the conclusion of the case.

It appears from the record that the appellee, Mrs. Pelton, who is the mother of a number of children, was the widow of John Pelton, who died in 1901. That both the appellant and appellee were residents of the city of Cumberland, Md. The home of Mrs. Cairnes was on the corner of Rebecca and Union streets, and that of Mrs. Pelton was located opposite to that of Mrs. Cairnes on Rebecca street, both houses fronting on Union street. The alleged words which constitute the cause of action are set forth in the declaration as follows: "That on or about the 15th day of September, 1902, the said Annie Cairnes, in conversation with *Mrs. Ruth H. Dempster and other persons*, who were then residing in the city of Cumberland, wickedly contriving to injure and defame the good name and character and reputation for chastity of the said Adelaide L. Pelton (who had always been a good, pure, faithful, chaste and affectionate wife to her said husband, and who had always been a pure and chaste woman of good character and reputation for chastity as aforesaid) and to cause it to be believed by the said Mrs. Ruth H. Dempster and other people of the city of Cumberland, Allegany County and vicinity, that the said Adelaide L. Pelton was during her said marriage unchaste and had been guilty of adultery, falsely and maliciously spoke of and touching the character and reputation for chastity of the said Adelaide L. Pelton words as follows, viz.: "You are moving here and don't know the people (meaning thereby that Mrs. Ruth H. Dempster was moving into the vicinity where Mrs. Pelton lived and was not acquainted with the people residing therein.") "I am going to

warn you who not to associate with, who are not fit people, these people across the way (meaning thereby that she the. said Annie Cairnes was about to warn the said Mrs. Ruth H. Dempster, and to name to her what people in the vicinity were fit and proper persons for her the said Mrs. Ruth H. Dempster to associate with, and meaning thereby to designate the said Adelaide L. Pelton as a person not fit for her the said Mrs. Ruth H. Dempster to associate with); and upon inquiry by the said Mrs. Ruth H. Dempster, as to what was the matter with them, the said Mrs. Annie Cairnes, wickedly contriving to injure and defame the good name and chaste character and the character and reputation for chastity of the said Adelaide L. Pelton, and to cause it to be believed by the said Mrs. Ruth H. Dempster and the other people of Allegany County, that the said Adelaide L. Pelton was, during her marriage to the said John Pelton, and during the time she was his wife and had lived with him as such, unchaste and had been guilty of adultery and was a woman of bad character and reputation for chastity, falsely and maliciously spoke of and touching the character and reputation for chastity of the said Adelaide L. Pelton to the said *Mrs. Ruth H. Dempster and other*s, the false, scandalous and malicious words as follows: "Mrs. Pelton's youngest child was born of another man. Her husband was paralyzed for years and it would have been impossible for him to have been the father of it. Yes, it is true and everybody knows it" (meaning thereby that the youngest child of the said Adelaide L. Pelton was not the child of John Pelton, the husband of the said Adelaide L. Pelton, but was the child of another man in the town of Cumberland, and that Mrs. Pelton was an unfaithful wife and unchaste woman, and meaning thereby to charge that the said Adelaide L. Pelton was a woman of bad character for chastity and guilty of adultery during her marriage with her husband, the said John Pelton, and while she lived with him as his wife, and that the said Adelaide L. Pelton had carnal intercourse with men other than her husband during her marriage to her husband, the said John Pelton, and while she was living with him as his wife,

and that the people of the vicinity in which she lived and the people of the city of Cumberland and of Allegany County knew, that her reputation for chastity was bad and that she was a lewd and unchaste woman, and of lewd conduct and behaviour during her marriage to the said John Pelton her husband as aforesaid.")

The defendant filed a demand for a bill of particulars. In response to this demand the plaintiff filed a bill of particulars in which she stated "that the defendant in Cumberland, Md., on the 15th day of September, 1902, or about that day in September, 1903, maliciously stated in the presence of *Mrs. Ruth H. Dempster* that the plaintiff's youngest child was born of another man; her husband was paralyzed for years, and it would have been impossible for him to have been the father of it. Yes, it is true and everybody knows it." Which statement the plaintiff says was false and malicious, and constituted a willful slander upon the character and good name of the plaintiff, and has greatly damaged her, for which she claims five thousand dollars damage."

The defendant then entered the general issue plea. This was the only plea interposed by her to the action, and the case was tried upon the issue joined upon this plea. The plaintiff offered evidence by Mrs. Ruth H. Dempster to prove that Mrs. Cairnes had published of and concerning the plaintiff the defamatory words set out in the declaration, and in the plaintiff's bill of particulars. The plaintiff then called Miss Louise Plato, and proposed to offer testimony by her tending to prove that she was present with Mrs. Dempster and Mrs. Cairnes on the occasion testified to by Mrs. Dempster and that Mrs. Cairnes on that occasion had said in her presence and in that of Mrs. Dempster: "You are moving here and don't know the people. I am going to warn you who not to associate with, who are not fit people; these people across the way, Mrs. Pelton's youngest child was born of another man. Her husband was paralyzed for years, and it would have been impossible for him to have been the father of it;" and that Mrs. Dempster replied: "That certainly cannot be true," and that

Mrs. Cairnes then said: "Yes, it is true, and everybody knows it." To the offer of this testimony the defendant objected, but the Court overruled her objection and allowed the witness to answer, which she did, fully corroborating the testimony of Mrs. Dempster.

The contention of the defendant is, first, that the plaintiff was required to furnish in her bill of particulars the names of all the witnesses upon whose evidence she proposed to rely to support her case, and secondly, that no witness is competent to testify in the case whose name does not appear upon the bill of particulars, and as the name of Miss Plato did not appear upon the bill of particulars furnished by the plaintiff, she is, therefore, to be excluded as a competent witness. *Article 75, sec. 107, Code 1904,* provides that in actions in law either party may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be offered in support of the plaintiff's case. This does not require that the witnesses by whom the plaintiff expects to establish his case should be disclosed in the bill of particulars. The office and legal effect of a bill of particulars is to inform the opposite party of the precise nature and extent of the claim which the plaintiff intends to rely upon under each and every count of the *narr.* and to confine his evidence to the claim thus stated. *Carter* v. *Tuck*, 3 Gill, 250; *Hall* v. *Sewell*, 9 Gill, 147; *School Commissioners* v. *Adams*, 47 Md. 356.

In the case of *Schaumloeffel* v. *The State*, decided at the last term of this Court, 102 Md. 470, we had occasion to consider the question as to whether a witness, whose name did not appear upon the bill of particulars furnished by the State's Attorney in the case where the defendant had been indicted for false pretenses, was competent to testify. Code, Article 27, sec. 440, provides that the State's Attorney upon application to him by the defendant in an indictment for false pretenses shall furnish a bill of particulars wherein "the names of the witnesses and a statement of the false pretenses intended to be given in evidence shall be furnished the defendant."

We held, JUDGE BRISCOE delivering the opinion of the Court, that: "The statute requires the list to be furnished, but does not restrict the State's Attorney to the list, nor does it control, or affect the competency of the witness." We, therefore hold that the Court was clearly right in permitting Miss Plato to testify. Nor do we find any error in the ruling of the Court on the second and third exceptions. The offer of testimony contained in both of these exceptions did not tend to shed any light upon the issue made by the pleadings, nor affect in any way the credibility of any witnesses examined in the case. Indeed, the third exception seems to have been practically abandoned, as there is no reference to it in the brief, nor was it mentioned in argument by the appellant's counsel, who expressed his doubts as to whether the second exception ought to be sustained.

We come now to the ruling of the Court upon the prayers. The plaintiff offered two, and the defendant six prayers. The Court granted the plaintiff's prayers and also granted the defendant's first, second, third, fourth and sixth prayers, and rejected her fifth. To the granting of the plaintiff's prayers and the refusal of her fifth prayer, the defendant excepted, and this constitutes the fourth exception. By the common law no verbal defamation, no matter how vile, affecting the chastity of a female, whether married or unmarried, would constitute slander *per se*, and the object of the slander could not recover for the defamatory words, unless she alleged and proved that some actual, or special damage resulted to her from their publication. But this harsh and severe rule was changed in this State as to unmarried women by the Act of 1838, ch. 114, and by the Act of 1888, ch. 444, a further change in the law upon this subject was made. That Act declares that: (1) All words spoken falsely and maliciously touching the character, or reputation for chastity of any woman, whether single or married, and tending to the injury thereof shall be deemed slander and shall be treated as such in the several Courts of law in this State. (2) Any woman, whether single or married, whose character or reputation as a woman

of chastity may be traduced or defamed by any person, may sustain an action of slander in her own name against such person." It would, therefore, seem to be clear that under the terms of the statute the plaintiff's declaration set out a slander which is *per se* actionable, and upon proof of such a cause of action the plaintiff is entitled to recover without proof of actual, or special damages. The defendant relying upon the general issue plea, and there being no plea of justification in the case, and no claim of privilege relied upon, or shown in the evidence, a *prima facie* case for the plaintiff was made out when she offered testimony tending to show, as she did by the evidence of Mrs. Dempster and Miss Plato, that the defendant uttered to a third person of and concerning the plaintiff the defamatory words set forth in the declaration. In such a case, and upon such a state of pleadings the law presumes the words are both false and malicious, and the making known the statement to any person other than the object of the slander is *publication* in the legal sense. These principles are elementary, and need the citation of no adjudged cases to support them. They have been announced in many decisions of this Court, among which are the cases of *Long* v. *Eakel*, 4 Md. 454; *Padgett* v. *Sweeting*, 65 Md. 404; *Leweis* v. *Daily News Company*, 81 Md. 473; *Fresh* v. *Cutter*, 73 Md. 91.

The plaintiff's first prayer told the jury if they found from the evidence that the defendant uttered the slanderous words of and concerning the plaintiff set forth in the declaration in the case, then their verdict must be for the plaintiff. Under the pleadings and facts in the case, this prayer was properly granted.

The second relates to the measure of damages. By this the jury were instructed that if they should find for the plaintiff "they may find such damages as will compensate the plaintiff, and adequately punish the defendant for uttering the slanderous words, and in finding such damages they may consider the means and wealth of the defendant." We find no error in this prayer. It is supported by the cases of *Wilms* v. *White*, 26 Md. 380, and of *Padgett* v. *Sweetiug*, *supra*. The princi-

ple upon which it rests was recognized as sound in the case of *Fresh* v. *Cutter, supra,* although it was found to be inapplicable under the facts in that case. There was no prejudicial error in the rejection of the defendant's fifth prayer because in her sixth prayer, which was granted, she got the full benefit of all she was entitled to in respect to the subject-matter of the rejected prayer.

It follows that the judgment appealed from must be affirmed.

> *Judgment affirmed with costs to the appellee.*

(Decided February 13th, 1906.)