HENRY H. HAM, SUPERVISOR, ETC., RESPONDENT, v. HENRY SILVERNAIL AND OTHERS, APPELLANTS.

*Commissioners of highways — decision as to necessity of laying out highway — power of to require applicant to give bond — where bond is taken and money paid under to one of the commissioners — liability of his sureties for.*

One E. applied to the commissioners of highways, of whom the defendant was one, to have a highway laid out, the necessity of which was certified to by twelve men, representing themselves to be freeholders, although one of them was not in fact one. The commissioners refused to proceed unless E. would give a bond to pay all damages occasioned to one C. by the laying out of the highway. The damages were regularly allowed at ninety-five dollars, which

amount was paid by E. to the defendant Silvernail, one of the commissioners, and he having refused to pay it over to his successor in office, this action was brought against him and the sureties on his bond, to recover the same. *Held* (1), that the commissioners having determined that the necessity for the highway had been certified to by twelve freeholders, their decision could only be reviewed in a direct proceeding for that purpose; (2), that although they had no authority to require E. to give the bond, and they could not, therefore, have enforced it against him, yet, as he had paid the money to the defendant, he (the defendant) could not set up the invalidity of the bond as a ground for retaining the money for his own use, and that the sureties to his official bond were liable therefor.

APPEAL from a judgment in favor of the plaintiff entered upon the trial of this action by the court without a jury.

*Anthony & Losey*, for the appellants.

*Frank Eno*, for the respondent.

PRATT, J.:

The action is upon an official bond given by Silvernail as commissioner of highways of the town of Pine Plains, with the other defendants as his sureties.

The condition of the bond, which is in the usual form, is that Silvernail shall faithfully discharge his duties as such commissioner, and, within ten days after the expiration of his term of office, pay over to his successor what moneys may be remaining in his hands as such commissioner.

In 1870, one Enghkie applied to the commissioners of highways of said town, of which Silvernail was one, to have a highway laid out through certain improved lands.

The necessity for the highway was certified to by a jury of twelve men, residents of the town, representing themselves as freeholders, but one of them, it now appears, was not in fact a freeholder.

Before proceeding to lay out the highway, the commissioners exacted from the applicant an undertaking on his part that he would pay all damages which should be sustained by reason of the highway passing through the improved lands of one Clark.

The highway was regularly laid out, and the damages resulting therefrom duly assessed. The applicant, Enghkie, thereupon, in fulfillment of his agreement, paid the commissioners the sum of

ninety-five dollars, being the amount of damages assessed to the owner of said Clark lands, and the commissioners gave him a receipt therefor, signed by them as such commissioners.

That sum Silvernail retained more than ten days after the expiration of his term of office, and refused, upon demand, to pay the same over to his successor. Hence this action.

The facts are agreed upon by stipulation substantially as above stated.

The defense is placed upon two grounds:

First. That inasmuch as one of the persons certifying to the necessity of the highway was not a freeholder, the proceedings were irregular and void. Second. That the commissioners had no right to require any such undertaking as that given by Enghkie; that the same was void, and therefore the money paid by him in pursuance thereof was not received by Silvernail as commissioner. It is a sufficient answer to the first point made by the defendants that the commissioners of highways, in proceeding to lay out the highway, determined that the necessity therefor had been duly certified by twelve reputable freeholders, such determination was in the nature of an adjudication which can only be reviewed in a direct proceeding for that purpose. (*Porter* v. *Purdy*, 29 N. Y., 106.)

The money in controversy was paid to Silvernail as commissioner of highways by Enghkie in fulfillment of an agreement made by the latter with Silvernail as such commissioner.

Silvernail assumed the right to make the agreement and receive the money; he gave a receipt therefor under his official hand. It would be strange indeed, if he could be permitted to pocket the money and refuse to render any account thereof, by alleging that he acted without authority. It is probably true that he could not have enforced the performance of the agreement if Enghkie had resisted; but he did not resist. He voluntarily paid the money, and therefore cannot claim to have it refunded; and if Silvernail can now be permitted to shield himself by alleging the illegality of his own acts, he will be able to profit by his misconduct. The precedent thus established would be most dangerous. That such a defense cannot prevail seems to be settled by *People ex rel. Martin* v. *Brown* (55 N. Y., 180). (See, also, cases there cited.)

The conclusive answer to the defendant's position is that the legality of the agreement with Enghkie is not in controversy ; the agreement has been performed. Silvernail did in fact receive the money in question as commissioner, and he acknowledged its receipt as such.

It does not lie in his mouth to repudiate his solemn official acts for his individual benefit.

He should have paid over the money, which he received by virtue of his official position, according to the tenor of his bond, and having refused to do so, he and his sureties became liable to an action.

TALCOTT, J., concurred. BARNARD, P. J., not sitting.

Judgment affirmed, with costs.