THE FIRST NATIONAL BANK OF OXFORD, Respondent, *v.* FREDERICK M. WHEELER et al., Commissioners, etc., Appellants.

Railroad commissioners of a town, who have received from the collector of the town moneys raised by tax to pay interest coupons on bonds of the town, issued in payment of a subscription to the capital stock of a railroad, cannot draw in question the validity of the bonds, to justify them in refusing to pay over the moneys to the owners of the coupons.

The fact that the commissioners resist payment and defend an action against them by the holder of such coupons, pursuant to a resolution of a town meeting, and under a promise of indemnity from the town, does not make the invalidity of the bonds a defense to the action.

(Argued September 26, 1877; decided January 29, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff, as the owner of certain interest coupons of bonds issued by the town of Hancock, against defendants, as the railroad commissioners of said town, to recover moneys alleged to have been raised by

taxation and placed in the hands of said commissioners for the purpose of paying said coupons.

The facts appear sufficiently in the opinion.

*Samuel Hand*, for appellants. Defendants were not precluded from questioning the validity of the bonds. (*People* v. *Brown*, 55 N. Y., 180; *People* v. *Mead*, 24 id., 114, 127, 128; *People* v. *Nostrand*, 46 id., 375; *Weisner* v. *Village of Douglas*, 64 id., 91–105.) The town had a right to object to the validity of the bonds, and stay the payment of the money, and authorize the defense of this action. (1 R. S., art. 1, part 2, § 9, sub. 3; *Hathaway* v. *Town of Cincinnatus*, 62 N. Y., 434; *Gould* v. *Town of Oneonta*, 3 Hun, 487; *Town of Venice* v. *Woodruff*, 62 N. Y., 462.)

*Edward B. Thomas*, for respondent. Defendants could not gainsay the authority under which they acted, or raise any question as to the legality of the bonds or the tax. (Laws 1866, chap. 398, § 4; *People ex rel. Marten* v. *Brown*, 55 N. Y., 180; *Ross* v. *Curtis*, 31 id., 606; *Murdock* v. *Aiken*, 29 Barb., 59; *People* v. *Mead*, 36 N. Y., 244; 24 id., 114; *Merritt* v. *Millard*, 4 Keyes, 208, 214; *People ex rel. Hopkins* v. *Supervisors of Kings Co.*, 52 N. Y., 556; *People* v. *Williams*, 3 T. & C., 338.) The town in its corporate capacity had no right or title to the money, and could not control the direction of it. (*People* v. *Brown*, 55 N. Y., 187; *Lorillard* v. *Town of Monroe*, 11 id., 394; *Gailor* v. *Herrick*, 42 Barb., 79, 85; *Gallatin* v. *Loucks*, 21 id., 578; *Murdock* v. *Aiken*, 29 id., 67; 31 N. Y., 609.) An action will not lie to restrain the collection of a tax on the bare ground that the assessment was illegal. (*Susquehanna Bank* v. *Supervisors of Broome Co.*, 25 N. Y., 312; *Mesick* v. *Supervisors Columbia Co.*, 50 Barb., 190; *Town of Venice* v. *Breed*, N. Y. Ct. Apps., MS. Op.)

Andrews, J. The facts connected with this litigation are peculiar. In 1871, commissioners appointed under enab-

ling acts, passed in aid of the construction of the New York and Oswego Midland railroad, issued $100,000 of bonds of the town of Hancock, in payment of a subscription for that amount made by them in behalf of the town to the capital stock of the said road, which road has since been constructed, and is now in operation through the said town. The railroad corporation issued to the town a certificate for one thousand shares of the stock of the road, that being the number of shares for which the commissioners had subscribed, and the referee finds that the shares are now held by the town.

In the fall of 1872, the commissioners, pursuant to the laws under which the bonds purported to have been issued, reported to the board of supervisors of Delaware county that the sum of $11,138.98 was necessary to be raised to pay the interest due and to become due in 1873 upon the bonds in question; and the board, at its annual session in that year, levied that sum upon the town of Hancock to pay the same, and issued the usual warrant for the collection of the taxes to the town collector, whereby, among other things, he was directed to collect that sum, and pay the same to the railroad commissioners of the town. The collector collected the tax, and then refused to pay over the money to the commissioners on the ground, among others, that the bonds were void, in that the requisite consent of the tax-payers to issue them had not been procured. The commissioners then applied to the Supreme Court for a mandamus to compel the collector to pay over to them the $11,138.98, alleging and claiming that they were entitled to the money under the provisions of the bonding acts, for the purpose of paying the interest on the bonds issued by them, and to carry out the object and intent for which the tax had been levied. The collector resisted the claim of the commissioners in the mandamus proceeding, and set up the invalidity of the bonds as a defense. It was shown upon the trial, among other things, that a resolution was passed at the annual town meeting of the town of Hancock, in 1873, directing the supervisor of the town to institute proceedings to enjoin the

payment over to the bond-holders of the $11,138.98, and to test the validity of the bonds. The court overruled the defense, and issued a peremptory writ directing the collector to pay the money to the commissioners, holding and deciding that the collector was not in a position to contest the question of the validity of the bonds, but was bound to dispose of the money according to the command of his warrant. The judgment was appealed to this court, where it was affirmed, the court saying : "The proceedings in bonding the town of Hancock and levying the tax, were, as to the defendant, *res inter alios acta*, and cannot be drawn in question to justify him in refusing to complete the performance of the duty he has undertaken." (*People ex rel. Martin et al.* v. *Brown*, 55 N. Y., 180.) The collector, after the affirmance in this court, paid to the commissioners the $11,138.98, who received it under and in pursuance of the judgment in the proceeding. The plaintiff is the holder and owner of certain coupons for interest on certain of the bonds, issued by the commissioners which accrued in 1872 and 1873, and after the commissioners received the money from the collector, he presented the coupons to the defendants, and demanded payment which they refused, and this action is brought to recover the amount thereof.

It is conceded that the defendants have the fund in their hands, and that it was raised and received for the express purpose of paying coupons held by the plaintiff and others, but the commissioners in turn contest the right of the plaintiff to recover on the ground that they owed no duty to the plaintiff, for the reason that the bonds were invalid, and consequently the plaintiff had no debt against the town, or right to the money in their hands. I am of opinion that this is not a defense to this action, and that the case is governed by the decisions of this court, in *Ross* v. *Curtiss* (31 N. Y., 606); *Murdock* v. *Atkin* (decided in 1863), and *The People, etc.*, v. *Brown* (55 N. Y., 187). It would not be useful to go over these cases in detail. *Ross* v. *Curtiss* was an action by the holder of town bonds of the town of Sterling, issued for

purposes of railroad construction against the supervisor of the town, who had received from the county treasurer money raised by taxation in the town to pay the interest on the bonds, and who refused to pay the interest on the bonds of the plaintiff. The supervisor set up as a defense the invalidity of the bonds, but the court held that he had no right to litigate that question, and the judgment against him was affirmed. This case was approved in *The People, etc.,* v. *Mead* (36 N. Y., 224), and in *The People, etc.,* v. *Brown* (*supra*). See, also, *The People ex rel. Buckley* v. *The Board of Police,* (63 N. Y., 623).

It is admitted that it was the duty of the defendants to pay the interest on the bonds, if the bonds were valid. The statute imperatively directs that the money raised by taxation for the payment of the bonds shall, when collected, be paid to the commissioners, and by them shall be applied thereon. (Laws of 1866, chap. 398, § 4,) *Ross* v. *Curtiss* did not decide that the holder of bonds issued without authority could enforce them against the town, but simply that a public officer, who had received money raised by taxation to pay to the bond-holders, could not be permitted to question their right to the money in his hands. It is not by any means an anomaly in the law, that the relation of a party to a fund and to a claimant may preclude the former from questioning the right of the claimant to it, and to allow a recovery without investigating the right as between the claimant and third persons. There is a difference between this case and *Ross* v. *Curtiss* in this ; the defendants here defend pursuant to a resolution of a town meeting of the town of Hancock, and under a promise of indemnity by the town. But this is a difference in circumstance, which does not, we think, change the principle, or render *Ross* v. *Curtiss* inapplicable. In *The People, etc.,* v. *Brown,* it appeared that the town meeting had authorized a suit to be brought to test the validity of the bonds, and to enjoin the payment of the fund to the bond-holders, but this was not regarded as strengthening the position of the collector.

It cannot be denied that the bond-holder in an action against the town upon the bonds must establish their validity in his hands. They are treated as the obligations of the town, although in fact they are simply a charge upon the taxable property of the town, and can only be paid through taxation. But so far as the fund in the hand of the defendants is concerned, it has been raised through the machinery provided by the act; the commissioners reported to the supervisors; the supervisors levied the tax; the collector collected it, and paid it to the defendants, and this has all been done, with the purpose from the outset of paying the interest on the bonds. The town at this stage of the proceeding cannot intervene to arrest the disposition of the fund, and divert it from the purpose intended. The town does not own it, and has no right to its custody, and could not apply it to any town purpose if it had possession of it.

The action of the town meeting was nugatory. It did not bind the commissioners. They are public officers appointed by statute, and clothed with specific powers, and sustain more nearly than any other relation in respect of this money that of trustees for the bond-holders. The tax-payers have paid the tax without resistance.

If, at the outset, the commissioners had refused to report to the supervisors, or the supervisors had refused to levy the tax, and the bond-holders had sought to compel the commissioners or supervisors to act, quite a different question would be presented. But as it stands, there is, I think, no defense made out to the claim of the plaintiff, and the judgment should be affirmed.

FOLGER, MILLER and EARL, JJ., concur; CHURCH, Ch. J., and ALLEN, J., dissent; RAPALLO, J., absent.

Judgment affirmed.