JEREMIAH BRIDGES, AS SUPERVISOR OF THE TOWN OF LIBERTY, RESPONDENT, v THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY, APPELLANT.

*Taxes upon the New York and Oswego Midland Railroad — to what portion thereof the towns are entitled under chapter 296 of 1874 — when an action lies by the town against the county to recover them — such action should be brought in the name of the supervisor of the town.*

Under chapter 296 of 1874, subjecting the real and personal property of the New York and Oswego Midland Railroad Company to taxation, and appropriating the amount of the county taxes to certain towns, to be applied towards the payment of the interest or principal on certain town bonds, such towns are only entitled to receive the taxes collected for county and town purposes, and not those collected for State purposes.

Section 3 of the said act requires the collector to pay over the amount of such county taxes to the railroad commissioners of the town within five days from the time of collecting the same, and section 4 makes the collector and his sureties liable for any failure on his part so to pay over the said moneys.

*Held*, that the remedy thereby given did not prevent the town from maintaining an action against the board of supervisors of the county to recover the amount of such taxes which had been paid to the county treasurer by the collector, pursuant to the directions of a warrant delivered to him by the board of supervisors for the collection of the tax.

Such an action is properly brought in the name of the supervisor of the town.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*John F. Anderson*, for the appellant.

*T. F. Bush*, for the respondent.

LANDON, J.:

This action was brought by the plaintiff to recover in behalf of the town of Liberty certain moneys collected upon account of county taxes collected from the New York and Oswego Midland Railroad Company, which the plaintiff claims should have been paid to the railroad commissioners of the town of Liberty, but which, by virtue of the warrants issued by the defendants for the collection of taxes, were paid to the county treasurer of Sullivan county.

Prior to 1874 the property of said railroad company was exempt from taxation by virtue of chapter 398, Laws 1866, section 16, which reads as follows :

"And it is hereby further provided that the real and personal property of said corporation shall be exempt from taxation for State, county, town or municipal purposes until a single track of said road shall be completed and in operation, but the time of such exemption shall not exceed the term of ten years, nor shall this section apply to any road now wholly or partly constructed which may be consolidated with this road."

This exemption was repealed by virtue of chapter 296, Laws of 1874. This act reads as follows :

"An act to subject the real and personal property of the New York and Oswego Midland Railroad Company to taxation, and to appropriate the amount of the county taxes thereon to certain towns to be applied toward the payment of the interest or principal on certain town bonds."

The following is a copy of the act :

" SECTION 1. All laws and parts of laws, in so far as they exempt the property, real or personal, of the New York and Oswego Midland railroad corporation from taxation, are hereby repealed and the real and personal property of said corporation are hereby made subject to State, county, town and municipal taxation."

" SEC. 2. All moneys to be collected upon the real and personal property of the said corporation, and upon said real property now or hereafter used or held, or which may hereafter be used or held by any receiver or successor of said corporation for county taxes in any of the towns or municipalities by which bonds have been issued in aid of the construction of the New York and Oswego Midland railroad, are hereby appropriated to said towns or municipalities, respectively, and shall be paid over to the commissioners of such towns or municipalities, appointed pursuant to an act entitled 'An act to facilitate the construction of the New York and Oswego Midland railroad, and to authorize towns to subscribe to the capital stock thereof, passed April 5, 1866, or any act supplemental thereto or amendatory thereof, and the said moneys shall be by said commissioners expended for and applied to the payment of the interest on said bonds or to the principal thereof."

" SEC. 3. It shall be the duty of the collector of taxes of each such town or municipality to pay over to the said commissioners of his town or municipality the amounts of the county taxes collected by him from the said corporation, on the real and personal property thereof, within five days from the time the same is collected, and the said commissioners shall give to the said collector a receipt for the amount of county taxes so received, which said receipt shall be returned to the treasurer of the county in which the said collector shall reside.

" SEC. 4. Collectors of taxes and the sureties on their official bonds, shall be liable for any neglect or failure to pay over to the said commissioners the amounts, or any part thereof, by the provisions of this act directed to be paid by such collectors of taxes to the said commissioners.

" SEC. 5. This act shall take effect immediately."

By virtue of this act there were collected upon the warrants delivered by the boards of supervisors of the county of Sullivan to the collector of the town of Liberty, State and county taxes for the years 1874, 1875, 1876, 1877 and 1878, levied upon the property of said railroad company, the aggregate sum of $2,303.26, which by virtue of the same warrant was paid to the county treasurer of said county. Of said sum, $745.93 were required of the county for State purposes. Before suit brought, demand was made of the board of supervisors and of the county treasurer, that the money be refunded to the town. This was refused. Judgment was given for the entire sum of $2,303.26, and interest from the time of the demand.

We cannot concur with the learned judge who tried the case, that the term " county taxes," employed in the act of 1874, embraces the taxes levied and collected, both for State and county purposes.

The act of 1866, exempting the property of the railroad from taxation, exempts it " from taxation for *State,* county, town or municipal purposes."

One of the objects of the act of 1874 is declared in the title to be " to appropriate the amount of the *county taxes* to certain towns."

The first section subjects the property of the railroad company to taxation for " *State,* county, town and municipal purposes."

The second section appropriates the money collected from the

company for "*county*" taxes, to the towns which have issued their bonds to aid the construction of the railroad.

The third section directs the collector to pay the "county" taxes to the railroad commissioners of such towns.

The distinction between State and county taxes is shown by the evidence in this case, and the proportions of each given in exact sums.

It is apparent that the act exempting and the act imposing liability to taxation upon the property of this railroad, exempted and imposed it for all public purposes.

The appropriation of the county taxes to the town seems to be a plain separation and appropriation of the amount raised for county purposes from the amounts raised for all the other purposes.

This is apparent in the title, and in the exact language of the appropriation. It is a consistent and reasonable scheme, and the causes moving thereto obvious.

To the extent of the State taxes and interest thereon, the judgment should be modified.

It is therefore unnecessary to inquire whether this act is contrary to the requirements of section 8, article 7 of the State Constitution, which ordains that no money shall be paid out of the treasury of the State or any of its funds, except in pursuance of an appropriation by law, and that every such law making an appropriation shall distinctly specify the sum appropriated and the object to which it is applied. (*Phelps* v. *Williams*, 5 Alb. Law. Jour., 204.)

It is objected by the defendants that this appropriation of the county taxes to the town of Liberty, interferes with the scheme of taxation devised by the Revised Statutes, and with the equalization of assessments between the several towns. If this were so it could not be material in the construction of a plain law. But the act of 1874 rather affects the disposition of the taxes when raised than interferes with the usual methods of apportioning and levying them. By the act of 1874 the legislature subjected to taxation property previously exempt. In the county of Sullivan there are fifteen towns, through four of which this railroad passes; of the four the town of Liberty had incurred a large debt to aid in creating this property. It does not seem unjust that this town should, in the appropriation of the taxes to be raised upon this property, be pre-

ferred before the towns which had not aided in its construction. Clearly, if all the money raised for county taxes upon the railroad property in the four towns through which it passes should be appropriated to those towns, the other towns would be in no worse condition than they would have been if the act of 1874 had not been passed.

It is objected that this action cannot be maintained, because the act of 1874, which bestows this new right upon the town of Liberty, also prescribes the remedy for its enforcement. Section 3 of the act makes it the duty of the collector to pay the amounts of the county taxes collected by him from the railroad property to the commissioners of said town. Section 4 of the act makes the collector and the sureties upon his bond liable for any failure to pay the money to the commissioners. It is not necessary to contest the position of the defendant's counsel, which he has fortified so amply by authority, that where the statute creates a new right, and also prescribes the remedy to enforce it, the remedy prescribed is exclusive. The remedy, so far as any is prescribed, is against the collector. It may be doubtful whether any new remedy is given even against him. No statute was needed to declare that the collector and his sureties are liable upon the failure of the collector to perform his duty. But the collector has done no wrong. He had a warrant issued by the proper authority, regular on its face, and he obeyed it. (*Chegaray* v. *Jenkins*, 5 N. Y., 376; *Field* v. *Parker*, 4 Hun, 342.) In this respect this case differs from *People ex rel. Martin* v. *Brown* (55 N. Y., 180); greatly relied on by the defendants. In that case the collector disobeyed his warrant. In this case it was the defendants who instructed the collector. They gave him the warrant regular in form, but erroneous in fact, whereby the money came to the hands of the county treasurer, instead of the railroad commissioners of the town. By means of this wrong the town has been injured. The statute prescribes no remedy, and therefore the plaintiff may have recourse to such as the common law affords.

We think the action was properly brought in the name of the supervisor. (*Hathaway* v. *Town of Cincinnatus*, 62 N. Y., 434; *Town of Chautauqua* v. *Gifford*, 8 Hun, 152.)

The statute appropriated the money to the town. The defendants directed its payment to the county treasurer. The issuing of the

tax warrant was the corporate act of the county. (*Newman* v. *Supervisors of Livingston*, 45 N. Y., 676.) The county thus has acquired the money of the town which it has no right to withhold. (*Union Nat. Bank* v. *The Mayor*, 51 N. Y., 638; *Bank of the Commonwealth* v. *The Mayor*, 43 id., 184; *Kingston Bank* v. *Eltinge*, 40 id., 391.)

The judgment should be reduced $745.93 and interest from December 17, 1879, and thus modified affirmed, without costs in this court.

LEARNED, P. J., and BOARDMAN, J., concurred.

So ordered.