TOWN OF AURORA ET AL.

v.

CHICAGO, BURLINGTON & QUINCY RAILROAD.

</div>

RECOVERY BACK—SPECIAL ASSESSMENT—TRUST FUND—LIMITATION.—
A bill in equity filed by appellee against appellant town to restrain the latter from turning over to the road and bridge fund $1,491.40 collected from the property of appellee to pay certain interest on the registered bonds of the appellant and paying a portion of said bonds. The act under which the bonds were claimed to have been issued was void. *Held*, that as this is a special fund created for a special purpose outside of the ordinary revenues of the town, it becomes a trust fund and must be applied to the purpose for which it was raised or refunded; that the Statute of Limitations will not run against the party entitled to the fund.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding. Opinion filed February 20, 1886.

This was a bill in equity filed by the appellee against the

appellant to restrain the appellant from turning over to the road and bridge fund the sum of $1,419.40, collected from the property of appellee to pay certain interest on the registered bonds of the appellant, and paying a portion of said bonds, which relief was granted. The cause came to a hearing on an agreed state of facts. The appellee had been continuously since 1868 and prior thereto, and was then, a corporation created under the laws of the State of Illinois. That the appellant was also since 1868, and still was, a municipal corporation under the laws of the State of Illinois, and that Thomas O'Donnell was supervisor, and at the time of filing the agreement T. N. Holden was supervisor. That the appellee was a taxpayer having large amounts of taxable property in the corporate limits of the said town, about $250,000 worth, real and personal, being a large proportion of all the taxable property in said town, which does not exceed $2,347,168. That the town of Aurora, under and by virtue of a supposed act of the legislature of Illinois, authorizing certain cities, counties, incorporated towns and townships to subscribe to the stock of certain railroads, approved February 18, 1857, issued certain bonds to the number of sixty, numbered consecutively, all dated May 1, 1869, payable as set forth in said bill of complaint, in aid of a certain duly organized railroad corporation, "The Ottawa, Oswego and Fox River Valley Railroad Co." That coupons for the payment of the annual interest was attached to them. That appellant ordered a tax or bond in 1872, with the balance of the town taxes for said year, which was duly certified to the county clerk and by him extended on the tax books for that year, and the special purpose of levying such tax was to raise a special fund to pay the bonds numbered 11 to 20 inclusive in said series maturing July 1, 1873, which was a distinct tax called the "registered bond tax" and an account kept in a separate column on the books, which tax was collected by the proper authorities of said town. That the total amount collected of said tax was $14,817.78. That appellee on the 17th of March, 1873, paid said town as its due and just proportion of said tax, $1,491.40, which was then received by the proper town officers. That at the time of

the commencement of this suit there was still held $6,224.31
of the proceeds of said tax, which was held by O'Donnell, as
supervisor of said town.   That at the annual town meeting,
April 1, 1883, the electors of said town, by resolution, ordered
the supervisors of the town holding the said money to turn over
to the commissioners of highways of said town all said money
to be used for road and bridge purposes, to keep in repair
roads and bridges which were a charge upon said town.   That
the act under which said bonds are claimed to have been
issued by the town was declared void by the Supreme Court
of Illinois, at its June term, 1872, in Ryan v. Lynch, 68 Ill. 160,
again at September term, 1872, in Miller v. Goodwin, 70 Ill.
659, and the bonds were held illegal and void by the Supreme
Court of the United States in Post v. Supervisor, 94 United
States, 260, and Amoskeag National Bank v. South Ottawa,
105 United States, 667.

Mr. R. G. MONTONY, for appellants; that the money paid
can not be recovered back, cited Town of Lyons v. Cook, 9
Bradwell, 543; Swanston v. Ijams, 63 Ill. 165; Un. Bldg.
Asso. v. Chicago, 61 Ill. 439; Falls v. Cairo, 58 Ill. 403;
Cooley on Taxation, 565; Elston v. Chicago, 40 Ill. 514;
Bilbie v. Lumley, 2 East, 469; Fairfield v. People, 94 Ill. 244;
Smelson v. State, 16 Ind. 29; Marrott v. Hampton, 2 Esp.
546; Clark v. Dutcher, 9 Cowen, 674.

Messrs. DEXTER, HERRICK & ALLEN, for appellee; cited
Drake v. Phillips, 40 Ill. 388; Springfield v. Edwards, 84 Ill.
626; Jackson v. Powers, 72 Ill. 394; Wright v. Bishop, 88
Ill. 302; First National Bank v. Wheeler, 72 N. Y. 201;
Perry on Trusts, § 160; Bradford v. Chicago, 25 Ill. 411.

LACEY, P. J.  It is contended by counsel for appellant that the
money can never be applied to the payment of these bonds, nor
can another tax be collected to replace the money because the
bonds are held to be entirely void.   It further claims that the
money in question is not a trust fund to be paid back to them
who paid it.   That the Statute of Limitations has run and that
equity will not take jurisdiction in this case.   The main argu-

ment by counsel for the appellant is to the effect that this assessment is in the nature of a general tax, and that unless it was paid under duress it can not be recovered back by appellee or any claim asserted to it by it. This position is no doubt correct, provided this is in the nature of a general tax, but it is a special fund created for a special purpose outside of the ordinary revenues of the town; we think the position is not correct. It then becomes a trust fund, and must be applied to the purpose for which it was raised.

It is urged that it is all the same to appellee whether this fund goes to the road and bridge fund, or is paid back to him, or applied on the railroad indebtedness; for it is argued the roads and bridge must be repaired, and if this fund is not used then appellee's property must be taxed in connection with all the other property in the town to raise the required fund. But this would not be so for the reason that already, as is stated by appellant, many of the heaviest taxpayers in the town in the suit of Goodwin et al. v. Miller & Paddock, 70 Ill. 659, have enjoined the collection of their share of the tax, These and other parties not having paid the railroad tax would be just as much benefited in proportion to their assessed values in the town by the appropriation of this tax to the road and bridge fund as appellee. The appellee would be compelled to bear an undue proportion of the expense of the road and bridge charges against the town. We think this tax ought in justice to be considered a special fund not applicable to the payment of any other town expenses. It was raised under pretense of paying the railroad bonded indebtedness, and should be applied to such purpose or refunded to the party, and if the party desires that the money so raised should be applied on the payment of those bonds it certainly ought to have the right to have it so done. In fact, it may hold those bonds itself and desire payment, or it may be under relation to the bonds in some way that it feels under equitable obligation to pay them. It may prefer for many reasons, to have the money paid out on the bonds rather than to have it turned into the town treasury for road and bridge purposes. Certainly no other taxpayer ought to complain, as

this money was not raised for that purpose, and they have no right to ask to be relieved from their legitimate share of the burden of these expenses by having the appellee's money applied as contemplated.

For, if this appropriation by the town electors is carried into effect, it may relieve all the taxpayers in this town for a year or years from any taxation for such purpose at the expense of appellee. Besides, we think that the Supreme Court in Bradford v. Chicago, 25 Ill. 411, and Falls v. Cairo, 58 Ill. 403, has recognized the principle, that in cases like this, such assesments shall be regarded as a trust fund and liable to be paid back to the party who paid it in ; in case it is not used for the purposes for which it was created, unless some equitable circumstances intervenes as in Falls v. Cairo, above to prevent it. In Bradford against Chicago, *supra*, the appropriation and collection was to extend to La Salle street, and this not being done, the taxpayer, Bradford, was allowed to recover back the amount he had paid in. We heartily approve this doctrine as being most just and equitable—see First Nat. Bank v. Wheeler, 72 N. Y. 201. Taxes similar to this have been treated as in the nature of a trust fund, and it has been held that the Statute of Limitations would not run against the party entitled to the fund : Logan Co. v. City of Lincoln, 81 Ill. 156; and besides, the trust in this case was not repudiated until the spring of 1883, within five years from the commencement of this suit.

The point taken in appellant's answer, that equity has no jurisdiction in the case, is not well taken, as we think. This was a trust fund, and the originator was seeking, not to recover the money back, but to prevent its being diverted to a purpose foreign to that for which it was created. The corporate authority of the town is a mere instrumentality for the benefit of the taxpayers, and should not be used as an engine of oppression, against any individual.

The point is raised by appellant that the agreed state of facts does not show that all appellee's money paid in was still in the hands of the town officers ; that it may have been paid out of the bonds. It does appear, however, that the money

was all paid in, and we are of the opinion the burden of proof was on appellant to show that all or some portion was paid out. We think the decree should be affirmed, and so order.

Decree affirmed.