### IDAHO–MARYLAND DEVELOPMENT CO. v. UNION BANK OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

BANKS AND BANKING (§ 178*)—DISCOUNT OF NOTES—PROCEEDS—CONSIDERATION.

　　A bank discounted notes for the payee, and, at the time, received his check for $12,500, drawn on the proceeds as collateral for their payment, and delivered to such payee a writing acknowledging the receipt and holding of the $12,500 as collateral and stating that it was "to be placed at the disposal of (plaintiff) when the notes are paid." *Held*, that the bank could not resist payment to plaintiff on the ground that there was no consideration for its promise inuring to plaintiff, since the writing showed that plaintiff was the owner thereof.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 656–666; Dec. Dig. § 178.*]

Appeal from Trial Term, Kings County.

Action by the Idaho-Maryland Development Company against the Union Bank of Brooklyn. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Hull Greenfield, of Auburn, for appellant.

Rufus O. Catlin, of Brooklyn, for respondent.

THOMAS, J. The respondent discounted several notes for Reiner, the payee, since deceased, and at the time received his check for $12,500 drawn on the proceeds as collateral security for their payment. As a part of the transaction, the following instrument was executed by respondent's vice president, and delivered to Reiner:

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　"December 16th, 1908.

　　"Mr. John M. Reiner—Dear Sir: This is to advise you that in accordance with your instructions, we do hold $12,500 which is not to be used during the life of the notes this day discounted, nor the renewals thereof, to be placed at the disposal of the Idaho-Maryland Development Company, when the notes are paid.

　　　　"Yours very truly,　　　　　　　　　　E. J. Stalker, Vice President."

The notes were paid, but the defendant has resisted successfully the plaintiff's demand for the delivery of the collateral to it, upon the ground, as I understand, that there was no consideration for its promise inuring to the plaintiff. But such question is irrelevant. The writing shows that the plaintiff owns the collateral, and it is the defendant's duty to pay the money to the owner. The writing is evidence that Reiner created a power of absolute disposition, in which the plaintiff is the grantee, and thereby endowed the latter with the absolute title. The same result is reached in another way. The defendant received the money to deliver upon payment of the note to the plaintiff. It is not its function to demand evidence of privity between plaintiff and Reiner, or obligation from one to the other. It is sufficient that it received the money from Reiner to deliver to the plaintiff, and, con-

senting to transmit, it cannot decline and keep the money itself. It affirmed the validity of the power when it received the money, and cannot now question it. People ex rel. Martin v. Brown, 55 N. Y. 180. The principle is illustrated in Merritt v. Millard, *43 N. Y. 208.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.