■ JEAN H. TUTHILL, as Suffolk County Treasurer and Administrative Head of the Suffolk County Department of Finance and Taxation, et al., Appellants-Respondents, v RAYMOND C. ALLMENDINGER, as Supervisor of the Town of Babylon, et al., Respondents, and PETER F. COHALAN, as Supervisor of the Town of Islip, et al., Respondents-Appellants.—In an action for a permanent injunction, plaintiffs and defendants Cohalan and Boogertman cross-appeal from an order of the Supreme Court, Suffolk County, entered December 18, 1978, which, *inter alia*, (1) denied plaintiffs' motion for summary judgment, (2) amended the complaint to include the County of Suffolk as a party plaintiff, and (3) ordered that the action be tried jointly with a pending action entitled "Town of Babylon, plaintiff, against County of Suffolk, Suffolk County Legislature, John Flynn, Commissioner of Environmental Control and Jean Tuthill, County Treasurer, defendants." Order modified, on the law, by deleting therefrom the first, second, third and fifth decretal paragraphs, and substituting therefor provisions (1) granting plaintiffs' motion for summary judgment and (2) directing Alice M. Beck, Receiver of Taxes of the Town of Babylon, and Edwin Boogertman, Receiver of Taxes of the Town of Islip, to pay over to the Suffolk County Treasurer, forthwith, all of the moneys heretofore collected pursuant to tax warrants issued in connection with the 1978 special assessment for "Southwest Sewer District No. 3". As so modified, order affirmed, without costs or disbursements. In this action, which concerns the disposition of approximately $11,000,000 in special assessment taxes which have already been collected by the tax receivers of the Towns of Babylon and Islip on behalf of the County of Suffolk in satisfaction of the 1978 "Southwest Sewer District No. 3" assessment, Special Term denied plaintiffs' motion for summary judgment requiring the turnover of these funds, and directed that the action be tried jointly with an action heretofore commenced by the Town of Babylon, *inter alia*, to declare these assessments invalid and to enjoin their collection for the taxable year 1977-1978 and *in futuro*. We disagree. In our opinion, the defendant tax receivers may not lawfully withhold the funds in issue and should therefore have been directed to pay over the money to the county treasurer forthwith. The role of a tax receiver in the collection and

disbursement of special assessment moneys is purely ministerial and, as such, leaves no room for the exercise of discretion to inquire into the validity of the underlying assessment (County Law, § 271, subd 1; Suffolk County Tax Act, § 13, subd [a]; cf. *People ex rel. O'Loughlin v Prendergast,* 219 NY 377; *People ex rel. Carlisle v Board of Supervisors, Onondoga County,* 217 NY 424). As the Court of Appeals stated in *Village of Olean v King* (116 NY 355, 362-363): "While a tax collector may decline to proceed in the collection of a tax illegally levied, as any person may refuse to recognize any illegal authority, or to obey an unconstitutional law, he may do so only for his own protection. *Having collected a tax, he cannot then question the right of the proper authority to receive it, but must pay it over. (O'Neal v. School Comrs.,* 27 Md. 227; *Commonwealth v. Philadelphia,* 27 Penn. 497; *Waters v. State,* 1 Gill, 302; *Smyth v. Titcomb,* 31 Me. 272; *People v. Brown,* 55 N. Y. 180)" (emphasis supplied). Particularly noteworthy in this regard is the court's citation of *People ex rel. Martin v Brown* (55 NY 180), wherein the following appears (pp 186-187): "Assuming that the bonds were invalid, and that no tax could be legally levied to pay them, the defendant [town collector of taxes] cannot dispute the right of the relators [the Railroad Commissioners of the Town of Hancock] to the money in question. *He is a subordinate ministerial officer, charged with the duty of executing the warrant, for the collection of taxes, issued to him by the board of supervisors.* He has acted under and affirmed the validity of the warrant by collecting the tax, and, *having received the money, he cannot refuse to pay it over, on the ground that he collected it under a void authority * * * * The money does not belong to the defendant. The warrant was regular on its face, and protected him in executing it. The money does not belong to the town * * * The defendant cannot claim to retain the money as the representative of the tax-payers" (emphasis supplied). Clearly, a taxpayer, including a town, has the right to bring an appropriate proceeding to challenge the validity of any given assessment. In fact, the order appealed from contemplated the joinder of the instant action with an action brought by the Town of Babylon in which this very assessment is being challenged. However, the receivers, in their official capacities, have no independent claim to the moneys which they have collected on behalf of the county. In fact, they are mandated by law to remit these funds to the county treasurer (see County Law, § 271, subd 1; Suffolk County Tax Act, § 13, subd [a]). Moreover, they may not rely on the towns' status as taxpayers to circumvent their official duty (cf., generally, *Matter of Kesbec, Inc. v McGoldrick,* 278 NY 293, 296-297, mot for rearg den 278 NY 716). Under these circumstances, the moneys which have already been collected should be paid over to the Suffolk County Treasurer forthwith. However, we do not reach any further issue regarding plaintiffs' entitlement to an order directing the defendant tax receivers to collect and pay over *future* assessments. Such relief will ultimately depend on the outcome of the action heretofore commenced by the Town of Babylon against the County of Suffolk, et al., challenging the special assessment. As for the cross appeal, we have considered the arguments for dismissing the complaint, as well as those directed against the joinder of the County of Suffolk as a party-plaintiff, and find them to be without merit. We merely note in passing that none of these arguments would result in dismissal of the complaint with prejudice and that, in recognition of the foregoing, Special Term's exercise of discretion in joining the county pursuant to CPLR 1001 (subd [a]) and CPLR 1003 was eminently proper and served to avoid needless delay in reaching the merits

of this case, which involves a serious question affecting the public interest. Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.